688 N.W.2d 284 (2004)
Audrey CHERNOFF, Personal Representative of the Estate of Janis Chernoff Sachs, Deceased, Plaintiff-Appellee,
v.
SINAI HOSPITAL OF GREATER DETROIT, a/k/a Sinai Hospital, and the Detroit Medical Center, Defendants-Appellants.
Docket No. 121640. COA No. 228014.
Supreme Court of Michigan.
October 29, 2004.
By order of April 23, 2003, the application for leave to appeal was held in abeyance pending the decision in Waltz v. Wyse. On order of the Court, the opinion having been issued on April 14, 2004, 469 Mich. 642, 677 N.W.2d 813 (2004), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., concurs and states as follows:
Plaintiff's decedent died on September 29, 1995, and plaintiff was appointed personal representative of decedent's estate on April 23, 1997. This appointment expired on June 18, 1998. Plaintiff then filed a notice of intent on April 16, 1999, and a complaint on September 17, 1999. After defendant filed a motion for summary disposition, the probate court reappointed plaintiff as the personal representative nunc pro tunc. The trial court denied defendant's motion for summary disposition. The Court of Appeals affirmed, concluding that under the common-law relation-back doctrine, the probate court's order related back to the date of the filing of the complaint.[1]
MCL 700.3701 states that "[a] personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment." Accordingly, plaintiff's appointment as personal representative relates back to her filing the notice of intent.[2] However, this results not on the basis of the common-law relation-back doctrine, but on the basis of MCL 700.3701. Therefore, I concur in this Court's decision to deny defendant's application for leave to appeal.
NOTES
[1] Unpublished opinion per curiam, issued March 22, 2002 (Docket No. 228014), 2002 WL 483533.
[2] The Court of Appeals concluded that plaintiff's appointment relates back to the date of the filing of the complaint. However, in order to avoid the bar of the statute of limitations, the appointment arguably had to relate back to the date plaintiff filed her notice of intent because the notice of intent tolls the period of limitations and if the period of limitations was not tolled, it would have expired on April 23, 1999. See my concurring statement in Halton v. Fawcett, ___ Mich. ___, 688 N.W.2d 287, 2004 WL 2423814 (2004).