## OUSLEY v McLAREN

Docket No. 248972. Submitted August 4, 2004, at Grand Rapids. Decided October 7, 2004. Approved for publication November 23, 2004, at 9:35 a.m. Leave to appeal sought.

Greg Ousley, as personal representative of the estate of Ethel M. White, deceased, brought an action in the Kalamazoo Circuit Court against James T. McLaren, M.D., and others, alleging medical malpractice resulting in the wrongful death of the decedent. White died on May 11, 1997, and letters of authority for the plaintiff's administration of her estate were issued on April 30, 2002. On May 2, 2002, the plaintiff issued the notice of intent to sue required by MCL 600.2912b and, because the defendants did not respond within 154 days, MCL 600.2912b(7) and (8), he commenced the action on October 14, 2002. The court, Richard Ryan Lamb, J., granted summary disposition for the defendants, ruling that the action was time-barred.

The Court of Appeals *held*:

1. Medical malpractice actions are subject to a two-year period of limitations. MCL 600.5805(5), now MCL 600.5805(6). However, MCL 600.5852 provides that if a person dies before the period of limitations has run, an action may be commenced by the personal representative at any time within two years after letters of authority are issued although the period of limitations has run, provided that the action is commenced within three years after the period of limitations has run.

2. MCL 600.2912b provides that a plaintiff shall not commence a medical malpractice action unless the plaintiff has given the defendant written notice of intent to file suit 182 days before the action is commenced. However, if the defendant does not respond to the notice within 154 days, § 2912b(8) allows the plaintiff to commence the action at that time.

3. MCL 600.5856(d) provides that statutes of limitations or repose are tolled if, during the applicable notice period under § 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable period after the date notice is given in compliance with § 2912b.

4. As decided in *Waltz v Wyse*, 469 Mich 642 (2004), the tolling statute in medical malpractice cases relating to the notice period required before filing the complaint, § 5856(d), does not apply to the wrongful death saving provision, § 5852, because the tolling statute only tolls the applicable statutory period of limitations or repose and the wrongful death saving provision is not a statute of limitations or repose.

5. *Waltz* applies retroactively to this case to bar the plaintiff's action as being not timely filed. The general rule is that judicial decisions are to be given complete retroactive effect. Complete prospective application is appropriate only for decisions that either overrule clear and uncontradicted case law or decide an issue of first impression whose resolution was not clearly foreshadowed. *Waltz* meets neither of these criteria.

6. The Supreme Court in *Waltz* has rejected the argument that construing the statutes involved in this case in the manner they were construed in *Waltz* effectively reduces by 182 days the two-year and three-year periods provided in § 5852.

Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — STATUTE OF LIMITATIONS — SAVING PROVISION — TOLLING STATUTE.

The decision in *Waltz v Wyse*, 469 Mich 642 (2004)—that the tolling statute in medical malpractice cases relating to the notice period required before filing the complaint does not apply to the wrongful death saving provision—applies retroactively (MCL 600.2912b, 600.5852, and 600.5856[d]).

*McKeen & Associates, P.C.* (by *Brian J. McKeen* and *Ramona C. Howard*), for Greg Ousley.

*Aardema, Whitelaw & Sears-Ewald, PLLC* (by *Robert B. Aardema* and *Timothy P. Buchalski*), for James T. McLaren, M.D.; and Collins, Smejkal & McLaren, P.C.

*Smith, Koning, VanWagoner, Beck & Shinar* (by *C. Giles Smith, Jr.*, and *James R. Shinar*) for Borgess Medical Center.

Before: WHITBECK, C.J., and OWENS and SCHUETTE, JJ.

PER CURIAM.

I. OVERVIEW

Plaintiff Greg Ousley sued defendants James T. McLaren, M.D.; Collins, Smejkal & McLaren, P.C.; and Borgess Medical Center for medical malpractice resulting in the death of his mother, Ethel M. White. Ousley appeals as of right the trial court order granting defendants' motions for summary disposition under MCR 2.116(C)(7) on the ground that Ousley's claims were time-barred. We affirm.

II. BASIC FACTS AND PROCEDURAL HISTORY

Ousley alleges that on May 10, 1997, White sought treatment at the Borgess Medical Center Emergency Department after experiencing an onset of abdominal pain. An abdominal x-ray was performed, which the emergency room staff read as being negative. Ousley alleges that in actuality the x-ray showed a large fusiform abdominal aortic aneurysm, measuring eight centimeters in transverse dimension. White was discharged from the hospital with instructions to return to the hospital in six hours for a repeat examination and CT (computerized tomography) scan.

White returned to the hospital about 8:30 a.m. on May 11, 1997, as instructed. She complained of severe and constant pain in her abdomen and side. An examination revealed that White had a large mass in the midline. The treating emergency room physician ordered tests, including an abdominal CT scan, which showed the presence of a 6.6 cm abdominal aortic aneurysm. The emergency room staff consulted James T. McLaren, M.D., a specialist in vascular surgery. Dr. McLaren saw White, reviewed her chart, and discharged her with a diagnosis of constipation with right

lower quadrant abdominal pain and incidental thoraco-abdominal aortic aneurysm.

White returned to the emergency room at defendant hospital at 7:00 p.m. on May 11, 1997. Before being admitted, White lost consciousness and suffered cardiac arrest. She was resuscitated in the emergency room and was diagnosed with a ruptured abdominal aortic aneurysm with cardiac arrest. Dr. McLaren took White to the operating room for emergency surgery. White died during the surgery. White's death certificate, signed by Dr. McLaren, indicated that a ruptured abdominal aortic aneurysm was the cause of death.

Letters of authority naming Ousley as personal representative of White's estate were issued on April 30, 2002. On May 2, 2002, Ousley issued to defendants a notice of intent to file a claim pursuant to MCL 600.2912b, which requires that a plaintiff give written notice of intent to file a medical malpractice claim 182 days before the action is commenced. Ousley, not having received a response from defendants within 154 days pursuant to MCL 600.2912b(7), commenced the action after the expiration of 154 days, on October 14, 2002.[1]

On December 30, 2002, Borgess Medical Center moved for summary disposition pursuant to MCR 2.116(C)(7) on the ground that the statute of limitations barred Ousley's claims. Specifically, Borgess pointed to MCL 600.5852, which allows a personal representative of an estate to bring an action within two years after letters of authority are issued, as long as the lawsuit is brought within three years after the two-year general period of limitations ended. Borgess argued that this time frame expired on May 11, 2002,

---

[1] MCL 600.2912b(8) provides that an action may be filed 154 days after a notice of intent is issued if defendants fail to respond to the notice within 154 days.

and that, therefore, Ousley's claims, having been filed on October 14, 2002, were time-barred. Ousley responded that because the limitations period expired while the notice of intent was pending, the statute should be tolled, making the October 14, 2002, filing timely.

After a hearing on the motion, the trial court concluded that MCL 600.5852 prescribed an absolute time by which a claim must be filed and that Ousley did not meet that deadline. Accordingly, the trial court granted Borgess's motion for summary disposition. After a brief hearing, the trial court granted the remaining defendants summary disposition on the same ground in a separate order.

### III. SUMMARY DISPOSITION

#### A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant a motion for summary disposition under MCR 2.116(C)(7).[2]

#### B. MCL 600.5856(d) AND MCL 600.5852

MCL 600.5805(5)[3] provides that actions charging malpractice are subject to a period of limitations of two years. However, MCL 600.5852 provides that if a person dies before the period of limitations has run, an action may be commenced by the personal representative at "any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought . . . unless the

---

[2] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[3] MCL 600.5805(5) was renumbered as MCL 600.5805(6) by 2002 PA 715, effective March 31, 2003.

personal representative commences it within 3 years after the period of limitations has run."

Defendants assert that under this statute, the latest date at which Ousley could file suit in this case was May 11, 2002, five years after the accrual of the cause of action (or three years after the expiration of the two-year period of limitations). Ousley, however, argues that because he was bound under MCL 600.2912b to give notice before filing the claim, the limitations period extension contained in MCL 600.5852 should be tolled for that amount of time. In support, Ousley cites the tolling provision of MCL 600.5856(d), which provides that statutes of limitations or repose are tolled

> [i]f, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

Defendants respond by arguing that the time limitations of MCL 600.5852 are neither a statute of limitations nor of repose; rather, they are a saving provision or "extension period" and, therefore, the tolling provision of MCL 600.5856(d) does not apply to it.

The Supreme Court recently addressed this issue in *Waltz v Wyse*.[4] In *Waltz*, the plaintiff's son died on April 18, 1994, allegedly because of the negligence of the doctor and the hospital. The plaintiff issued a notice pursuant to MCL 600.2912b in January of 1999 and filed the wrongful death action on June 23, 1999.[5] The

---

[4] *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004).

[5] We note that the defendants in *Waltz* raised other issues of error with the plaintiff's claim. Specifically, the plaintiff had not been appointed personal representative at the time of issuing the notice and was only appointed personal representative on May 27, 1999, after the five-year extended period had run. *Id.* at 645. However, these facts do not

defendants sought summary disposition on the ground that the plaintiff had failed to file her complaint within either the applicable two-year limitation or the additional period allowed for wrongful death claims. The trial court and this Court agreed, holding that MCL 600.5856(d) did not toll the wrongful death "extension period" of MCL 600.5852.[6] The Supreme Court granted leave "to consider the interplay between MCL 600.5856(d) and MCL 600.5852[,] [s]pecifically . . . whether § 5856(d) . . . tolls the additional period permitted for filing wrongful death actions under the wrongful death saving provision, § 5852."[7]

To answer the question, the Court first looked at the plain language of the tolling statute, § 5856(d), and pointed out that by its express terms it tolls only the applicable "statute of limitations or repose."[8] The Court then turned to the question whether the "extension period" or saving provision is a statute of limitations or repose. The Court relied on *Miller v Mercy Memorial Hosp*,[9] in which it held that MCL 600.5852 is not a statute of limitations. The Court concluded that, because it was neither a statute of limitations nor of repose, the tolling statute, § 5856(d), did not apply to extend the time limitations contained therein.[10] Because the plaintiff filed her complaint beyond the five-year period, it was time-barred.[11]

*Waltz* is directly on point. Like the plaintiff in *Waltz*, Ousley filed his claim after the expiration of the saving

distinguish *Waltz* from the case at bar because the Court did not rely on them for the basis of its decision. *Id.* at 647 n 8.

[6] *Id.* at 646-647.

[7] *Id.* at 644.

[8] *Id.* at 650.

[9] *Miller v Mercy Memorial Hosp*, 466 Mich 196; 644 NW2d 730 (2002).

[10] *Waltz, supra* at 648-650.

[11] *Id.* at 651-652.

or extension period, and the issuing of the notice of intent to file a claim did not toll that limitation. Thus, assuming *Waltz* applies retroactively, we are bound to hold that Ousley's claim is time-barred, and the trial court did not err in granting the motion for summary disposition.

### C. RETROACTIVE APPLICATION OF *WALTZ*

The next question we must decide, then, is whether *Waltz* applies retroactively or only prospectively. " 'The general rule is that judicial decisions are to be given complete retroactive effect . . . . ' "[12] Complete prospective application has been deemed appropriate only for decisions that either " 'overrule clear and uncontradicted case law' "[13] or "decide[] an " 'issue of first impression whose resolution was not clearly foreshadowed." ' "[14]

We conclude that *Waltz* meets neither of these criteria. The only case law that *Waltz* arguably overruled is *Omelenchuk v City of Warren*.[15] In *Omelenchuk*, the Court addressed whether § 5856(d) tolled the statutory limitations period for a full 182 days or only 154 days when a medical malpractice claimant does not receive a written response to the notice of intent pursuant to MCL 600.2912b(7).[16] However, as the Court explained

---

[12] *Lincoln v Gen Motors Corp,* 461 Mich 483, 491; 607 NW2d 73 (2000), quoting *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 240; 393 NW2d 847 (1986) (intermediate citation deleted).

[13] *Lincoln, supra* at 491, quoting *Hyde, supra* at 240.

[14] *Lindsey v Harper Hosp,* 455 Mich 56, 68; 564 NW2d 861 (1997), quoting *People v Phillips,* 416 Mich 63, 68; 330 NW2d 366 (1982), quoting *Chevron Oil Co v Huson,* 404 US 97, 106; 92 S Ct 349; 30 L Ed 2d 296 (1971).

[15] *Omelenchuk v City of Warren,* 461 Mich 567; 609 NW2d 177 (2000).

[16] See *id.* at 577.

in *Waltz*, the question whether the 182-day notice tolling provision applied to the wrongful death saving provision, § 5852, was not before it in *Omelenchuk*, because the plaintiffs in *Omelenchuk* had filed their complaint before the expiration of the limitations period as extended by the tolling provision and, thus, did not need to rely on the wrongful death saving provision to make their action timely.[17]

The Court acknowledged that its "imprecise" passing references to § 5852 as creating a "limitation period"[18] in *Omelenchuk* had occasioned some confusion, but it clarified that other case law clearly established that § 5852 was " 'a *saving statute*, not a statute of limitations,' "[19] and that, therefore, § 5856(d), which applies only to "statute[s] of limitation or repose," did not apply to § 5852.[20] The Court also acknowledged that it "mistakenly, and unnecessarily," based its calculations in *Omelenchuk* on the date the personal representatives were appointed rather than the date the decedent died, which was when the cause of action accrued.[21] The Court then overruled *Omelenchuk* "[t]o the limited extent" that that portion of the *Omelenchuk* opinion "might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision . . . ."[22]

It is evident, then, that *Waltz* did not overrule "clear and uncontradicted case law," as the test for prospective application requires. Rather, as the Court explained, what *Waltz* actually overruled was confusing and im-

---

[17] See *Waltz, supra* at 652-653.

[18] *Id.* at 653-654.

[19] *Id.* at 650, quoting *Miller, supra* at 202 (emphasis in *Waltz*).

[20] *Waltz, supra* at 650-651.

[21] *Id.* at 654.

[22] *Id.* at 655.

precise dicta.[23] Further, to the extent that *Waltz* decided an issue of first impression in deciding that § 5856(d) does not toll § 5852, that resolution was "clearly fore-shadowed," if not actually determined, by the previous decision holding that § 5852 is a saving provision, not a statute of limitations or repose.[24] The conclusion that Waltz did not represent a change in the law is supported by the fact that, despite being decided after *Omelenchuk*, this Court reached the same conclusion in *Waltz* using the plain language of the statutes,[25] as did the trial court in this case. Therefore, Waltz meets neither of the threshold criteria for applying its holding only prospectively.[26] Because *Waltz* applies retroactively, Ousley's claim is time-barred, and the trial court did not err in granting the motion for summary disposition.

IV. CONSTITUTIONAL CHALLENGE

A. STANDARD OF REVIEW

We review de novo constitutional questions.[27]

B. REENACTMENT OF AMENDED STATUTES REQUIREMENT

Ousley argues that if the statutes are construed in the manner that defendants urge, and as the Supreme Court held, then MCL 600.2912b would have the effect of amending MCL 600.5852 by reducing the limitations period therein by 182 days, which would violate the requirement of Const 1963 art 4, § 25 that amended statutes be reenacted.

---

[23] See *id.* at 652-655.

[24] See *id.* at 653-654.

[25] See unpublished opinion per curiam of the Court of Appeals, issued October 1, 2002 (Docket No. 231324).

[26] See *Lindsey, supra* at 68, and *Lincoln, supra* at 491, quoting *Hyde, supra* at 240 (intermediate citation deleted).

[27] *Harvey v Michigan*, 469 Mich 1, 6; 664 NW2d 767 (2003).

While the Supreme Court did not directly address this argument in *Waltz*, the Court did reject the assertion that its reading of the statutes " 'effectively reduce[s]' by 182 days the two- and three-year periods provided for in § 5852."[28] The Court explained:

> Plaintiff had a full two years after letters of authority were issued to commence her claim, as long as the claim was commenced within three years after the expiration of the two-year limitation period for medical malpractice actions. Additionally, plaintiff was entitled to a 182-day tolling period under § 5856(d), provided that she filed her notice of intent at some point before the expiration of that two-year limitation period. Potentially, then, under §§ 5805(5), 5852, and 5856(d), plaintiff had *five years plus 182 days* to commence her lawsuit following the accrual of her cause of action. However, because plaintiff waited until nearly five years had passed after her infant's death to file her notice of intent, there was simply no unexpired "statute of limitations" to toll. This analysis in no way shortens either the two-year extension period or the three-year ceiling provided for in § 5852.[29]

Accordingly, we reject Ousley's assertion that the effect of the statutory construction creates a conflict with the Michigan Constitution's reenactment requirement.

Affirmed.

---

[28] *Waltz, supra* at 652 n 14.

[29] *Id.* (emphasis in original).