McMIDDLETON v BOLLING

Docket Nos. 261216, 261219. Submitted August 2, 2005, at Lansing. Decided August 16, 2005, at 9:05 a.m.

Jane A. McMiddleton, as personal representative of the estate of Naomi Harris, deceased, brought an action in the Washtenaw Circuit Court against Steven F. Bolling, M.D., and others and an action in the Court of Claims against the University of Michigan Board of Regents and the University of Michigan Medical Center. The actions alleged medical malpractice concerning treatment received by the decedent, and the actions were consolidated in the circuit court. Darlene McMiddleton was appointed as successor personal representative of the decedent's estate, and the parties stipulated the entry of an order amending the complaint to reflect the change of personal representative. The court, Melinda Morris, J., granted summary disposition for all defendants, ruling that the actions were not timely because they were not filed within two years of the appointment of the original personal representative. The plaintiff appealed.

The Court of Appeals *held*:

The appointment of a successor personal representative cannot revive an untimely complaint filed by the predecessor personal representative.

1. Under MCL 600. 5852, if a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the decedent's estate at any time within two years after letters of authority are issued although the period of limitations has run, but an action shall not be brought unless the personal representative commences it within three years after the period of limitations has run. The actions involved here are not timely under MCL 600.5852. The original personal representative did not commence the actions within two years of her appointment and the successor personal representative could have, but did not, bring actions within two years of her appointment and three years after the period of limitations had run.

2. MCL 700.3701 provides that the personal representative's powers relate back in time to give acts by the person appointed

that are beneficial to the estate but occurring before appointment of the successor the same effect as those occurring after the appointment. This does not apply to the successor ratifying and accepting the original personal representative's filing of the complaint because the complaints were not timely and were of no benefit to the estate.

Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — STATUTE· OF LIMITATIONS — SUCCESSOR PERSONAL REPRESENTATIVE.

A successor personal representative of a decedent's estate may not adopt and ratify a medical malpractice complaint filed untimely by the initial personal representative (MCL 600.5852, 700.3701).

*Allan Falk, P.C.* (by *Allan Falk*) and *Mark Granzotto, P.C.* (by *Mark Granzotto*), for the plaintiff.

*Kevin P. Hanbury* for the defendants.

Before: WHITBECK, P.J. and BANDSTRA and KELLY, JJ.

PER CURIAM. In these consolidated medical malpractice actions, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants Steven F. Bolling, M.D., and the University of Michigan Medical Center. We affirm and hold that the appointment of a successor personal representative cannot revive a complaint that the predecessor personal representative filed more than two years after being appointed.

I. BASIC FACTS

On April 1, 1999, Dr. Bolling performed surgery on Naomi Harris, which included a "mitral, tricuspid and aortic valve repair and a saphenous vein grafting of the right coronary artery." The surgery took place at the University of Michigan Medical Center. Harris was discharged on April 15, 1999. Dr. Bolling again treated

Harris in the outpatient clinic on May 17, 1999. Complications ensued for which Harris sought treatment at Botsford Hospital. Harris's condition deteriorated. She died on August 17, 2000.

On September 28, 2000, Jane A. McMiddleton was appointed personal representative of Harris's estate. On May 24, 2002, plaintiff served on defendants a notice of intent to sue. On March 19, 2003, plaintiff filed the complaint.[1] On May 17, 2004, Darlene McMiddleton was appointed successor personal representative. On September 17, 2004, the trial court entered a stipulated order to amend the caption to reflect the appointment of Jane McMiddleton as successor personal representative.

Defendants subsequently filed a motion for summary disposition arguing that the complaint was not filed within two years of the original personal representative's appointment, as required by *Waltz v Wyse,* 469 Mich 642; 677 NW2d 813 (2004), and the subsequent appointment of a successor personal representative did not render the untimely filed complaint timely. Plaintiff first argued that *Waltz* should not be applied retroactively. Plaintiff also argued that, after the caption was amended to reflect appointment of the successor personal representative, the successor personal representative "is the one who's then been deemed to have filed the notice, filed the complaint. And, if her name retroactively has been on it then we are, of course, timely." The trial court queried:

> If what she did is now found to be defective—or didn't fall within the statute of limitations and therefore—I'm talking about the predecessor [personal representative];

---

[1] On that date, complaints were filed in both the circuit court and the Court of Claims. Because the cases were consolidated, we refer to the complaints collectively as "the complaint."

how does the relation back to what she did cure the problem? That's all I'm asking.

The trial court then noted that this Court in *Ousley v McLaren*, 264 Mich App 486, 494-495; 691 NW2d 817 (2004), held that *Waltz* must be applied retroactively. Applying *Waltz*, the trial court granted defendants' motion.

## II. ANALYSIS

"We review de novo the trial court's decision to grant a motion for summary disposition under MCR 2.116(C)(7)." *Ousley, supra* at 490. "In general, a plaintiff in a medical malpractice case must bring his claim within two years of when the claim accrued, or within six months of when he discovered or should have discovered his claim." *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219; 561 NW2d 843 (1997); MCL 600.5805(1), 600.5805(6), 600.5838, 600.5838a. All plaintiffs alleging medical malpractice are required to file a notice of intent to sue under MCL 600.2912b(1) "not less than 182 days before the action is commenced." Pursuant to MCL 600.5856(c), the statute of limitation or repose is tolled if:

> At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Further, when the medical malpractice claim is brought on behalf of a deceased person, MCL 600.5852 applies and provides:

If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Plaintiff argues that she was relying on *Omelenchuk v Warren,* 461 Mich 567; 609 NW2d 177 (2000), when she filed her complaint more than two years after the appointment of the personal representative, but sent the notice of intent within this two-year saving provision thus allowing her an additional 182 days to file the complaint. In *Omelenchuk,* the Court referred to MCL 600.5852 as setting forth a "limitation period." *Id.* at 577. Accordingly, plaintiff was under the impression that the notice tolling provision applied to the wrongful death saving provision in MCL 600.5852. However, in *Waltz* our Supreme Court clarified that, despite the "imprecise choice of words" in *Omelenchuk,* MCL 600.5852 "is not a statute of limitations, but a *saving* statute." *Waltz, supra* at 654 (emphasis in original). Plaintiff submits that because *Waltz* was decided after she filed her complaint that case should not apply retroactively to render her complaint untimely. However, in *Ousley,* this Court held that it was appropriate to apply *Waltz* retroactively. See also *Farley v Advanced Cardiovascular Health Specialists, PC,* 266 Mich App 566; 703 NW2d 115 (2005). Following these decisions, we conclude that it was appropriate for the trial court to apply *Waltz* to this case.

The question, nonetheless, remains whether the subsequent appointment of the successor personal representative revived the complaint that the original per-

sonal representative filed untimely, i.e., more than two years after the original personal representative was appointed. In support of her assertion that it did, plaintiff relies on *Eggleston v Bio-Medical Applications of Detroit,* 468 Mich 29; 658 NW2d 139 (2003). In *Eggleston,* the personal representative died before a complaint was filed. A successor personal representative was then appointed. The issue was whether the two-year saving provision began to run from the appointment of the original personal representative or the appointment of the successor personal representative. Our Supreme Court held that MCL 600.5852 "clearly allows an action to be brought within two years after letters of authority are issued to the personal representative. The statute does not provide that the two-year period is measured from the date the letters of authority are issued to the initial personal representative." *Id.* at 33. Plaintiff argues that according to this decision, she *could* have filed a complaint two years after she was appointed successor personal representative. However, after being appointed successor personal representative, she did not file a complaint. Indeed, plaintiff's complaint was not filed within two years after appointment of either the original personal representative or the successor personal representative. The original personal representative filed the complaint approximately two years and six months after her appointment. The successor personal representative never filed a complaint. Thus, *Eggleston* does not support the conclusion that the complaint in this case was timely filed.[2]

Plaintiff argues that this Court should consider the complaint that was untimely filed by the original per-

---

[2] Plaintiff also relies on *Chernoff v Sinai Hosp of Greater Detroit,* 471 Mich 910 (2004), in support of her position. However, in *Chernoff,* the Supreme Court simply denied leave to appeal.

sonal representative to be timely because the successor personal representative *theoretically* could have filed a complaint after being appointed, but *actually* could not have because there was no time left under the three-year ceiling. The successor personal representative was required to commence the action within three years after the two-year statutory period of limitations had expired. MCL 600.5852. Here, if the last day of treatment was May 17, 1999, the two-year statutory period of limitations would have expired on May 17, 2001. Three years from that date was May 17, 2004. On that date, the successor personal representative was appointed, but no complaint was filed. Thus, it appears that plaintiff must have filed her complaint on that day in order to have been timely. Yet she did not.

Plaintiff contends that she did not need to file another complaint, because the previous personal representative had already filed one. However, applying MCL 600.5852 and the Supreme Court's ruling in *Eggleston,* it is clear that a successor personal representative cannot rely on the untimely filed complaint that was filed before she was appointed. In *Eggleston,* our Supreme Court held that MCL 600.5852 "clearly allows an action to be brought within two years *after* letters of authority are issued to the personal representative. The statute does not provide that the two-year period is measured from the date the letters of authority are issued to the initial personal representative." *Id.* at 33 (emphasis added). Accordingly, the successor personal representative could have filed a complaint *after* her appointment, not *before* her appointment.

Plaintiff also cites MCL 700.3701, asserting that the successor personal representative's powers "relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment

the same effect as those occurring after appointment."
Plaintiff also asserts that, the same statute states, " 'A
personal representative may ratify and accept an act on
behalf of the estate done by another if the act would
have been proper for a personal representative.' " The
problem with this argument is that the original per-
sonal representative filed the complaint more than two
years after she had been appointed; in other words, she
filed the complaint untimely. This act was not beneficial
to the estate. Further, even if the successor personal
representative ratifies this act, she is only ratifying the
filing of an untimely complaint. Therefore, we conclude
that MCL 700.3701 does not support the conclusion
that the appointment of a successor personal represen-
tative can render timely an untimely complaint filed by
the original personal representative.

Affirmed.