MULLINS v ST JOSEPH MERCY HOSPITAL

Docket No. 263210. Submitted December 15, 2005, at Lansing. Decided January 31, 2006, at 9:10 a.m. Vacated in part by order entered February 23, 2006. 269 Mich App 801.

Clyde Mullins, personal representative of the estate of his deceased wife, Nina F. Mullins, brought a medical malpractice wrongful death action in the Washtenaw Circuit Court against St. Joseph Mercy Hospital and several physicians. While trial was pending, the decedent's daughter, Mary L. Mullins, replaced her father as personal representative, but did not inform the court. The hospital moved for summary disposition, arguing that the two-year period of limitations had run before Clyde Mullins filed the complaint and that the two years allotted by the wrongful death saving statute for him to file the complaint had also run. The court, Donald E. Shelton, J., granted Mary Mullins's motion to substitute as the plaintiff, retroactive to when she received her letters of authority. The court also denied the hospital's summary disposition motion. The hospital and three of the physician defendants sought leave to appeal. In lieu of granting leave to appeal, the Court of Appeals, O'CONNELL, P.J., and METER and SCHUETTE, JJ., in an unpublished order entered January 20, 2005 (Docket No. 258139), remanded the case to the trial court to reconsider the summary disposition motion in light of Ousley v McLaren, 264 Mich App 486 (2004). On reconsideration, the trial court concluded that neither Ousley nor Waltz v Wyse, 469 Mich 642 (2004), applied to this case. The hospital and the three physician defendants appealed by leave granted.

The Court of Appeals held:

The trial court erred by denying the motion for summary disposition. The complaint was untimely under the rule of Waltz, which held that the tolling statute, MCL 600.5856, does not toll the operation of MCL 600.5852, the saving statute for actions brought by personal representatives. Ousley, which this panel of the Court of Appeals is required to follow under MCR 7.215(J)(1), further held that Waltz applies retroactively. The complaint in this case was untimely because it was filed more than two years after Clyde Mullins received his letters of authority. Mary Mullins, as

successor personal representative, did not file a separate complaint. Her appointment as successor personal representative and substitution as a party thus did not transform the untimely complaint into a timely one. Were it not constrained to follow *Ousley*, however, the panel would only apply *Waltz* prospectively and would affirm the denial of summary disposition. The complaint was filed within the previously unchallenged and clear time limits set forth in *Omelenchuk v City of Warren*, 461 Mich 567 (2000), that *Waltz* overruled. Applying *Waltz* retroactively inequitably and substantially prejudices otherwise compliant litigants following what had been the undisputed law.

Reversed.

KELLY, J., concurring in part and dissenting in part, disagreed with the majority's conclusion that *Ousley* was wrongly decided, but concurred in all other respects. *Waltz* should apply retroactively because it did not overrule clear and uncontradicted case law.

*Allan Falk, P.C.* (by *Allan Falk*), for Mary L. Mullins.

*Johnson & Wyngaarden, P.C.* (by *David R. Johnson, Robert M. Wyngaarden*, and *Michael L. Van Erp*), for St. Joseph Mercy Hospital; Kimberly Stewart, M.D.; Jason White, M.D.; and Rafael Grossman, M.D.

Before: FITZGERALD, P.J., and O'CONNELL and KELLY, JJ.

O'CONNELL, J. Defendants-appellants appeal by leave granted the trial court's denial of defendant St. Joseph Mercy Hospital's motion for summary disposition. We reverse because we are required by MCR 7.215(J)(1) to follow the holding in *Ousley v McLaren*, 264 Mich App 486; 691 NW2d 817 (2004). Pursuant to MCR 7.215(J)(2), we declare a conflict with *Ousley* and state that if we were not obligated to follow *Ousley*, we would affirm.[1]

---

[1] We reject *Ousley* for the reasons stated in Judge O'CONNELL's dissent in *McLean v McElhaney*, 269 Mich App 196, 204-208; 711 NW2d 775 (2005),

I. FACTS

The decedent went to defendant hospital for a heart catheterization on March 22, 1999. Following catheterization and an angioplasty procedure performed by defendants, the decedent suffered internal bleeding. On March 25, 1999, she suffered cardiac arrest and died. Her husband, Clyde Mullins, was appointed personal representative of her estate and was issued letters of authority on December 5, 2000. On June, 17, 2002, Mr. Mullins served defendants with notice of his intent to sue. Mr. Mullins filed this lawsuit on March 25, 2003. While trial was pending, Mr. Mullins was diagnosed with cancer. On January 13, 2004, plaintiff Mary L. Mullins replaced Mr. Mullins as decedent's personal representative, but plaintiff did not inform the trial court of the replacement. On June 2, 2004, defendant hospital moved for summary disposition, arguing that the two-year period of limitations had run before Mr. Mullins filed the complaint and that the two years allotted Mr. Mullins by the wrongful death saving statute had run as well.

Plaintiff responded to the motion on June 30, 2004, and moved the court to substitute her as plaintiff in Mr. Mullins's place. Plaintiff asked that the court grant retroactive (*nunc pro tunc*) effect to the substitution so that she would appear as plaintiff from the time she received her letters of authority on January 13, 2004. The trial court granted plaintiff's motion and denied defendant hospital's motion for summary disposition.

The trial court's denial of summary disposition was consistent with our Supreme Court's decision in *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177

and reiterated in this opinion. For a complete review of the legal development of this issue, we direct the reader to the *McLean* opinions.

(2000), but the trial court disregarded the fact that *Omelenchuk* was overruled on that issue by *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004). In *Waltz*, *supra* at 650, the Supreme Court held that the tolling statute, MCL 600.5856, only tolled statutes of limitations or repose, and that MCL 600.5852 was not a statute of limitations, but a saving statute. Therefore, it held that a complaint filed outside the periods in the saving statute was untimely, regardless of whether the plaintiff tolled the period of limitations with a notice of intent. *Waltz, supra* at 651-652.

A request for leave to appeal followed the denial of defendant hospital's motion, and, in lieu of granting leave, this Court vacated the trial court's order and remanded the case for reconsideration in light of *Ousley*. Unpublished order, entered January 20, 2005 (Docket No. 258139). In *Ousley, supra* at 495, this Court held that *Waltz* applied retroactively. At the hearing on reconsideration, the trial court ruled that *Ousley* and *Waltz* did not apply in this case because they dealt with the outer, three-year limit contained in MCL 600.5852, and the complaint in this case was filed within that outer limit. Defendants-appellants again requested leave to appeal, and this Court granted it.

## II. *NUNC PRO TUNC* SUBSTITUTION OF PARTIES

Defendants-appellants argue that the trial court should have granted defendant hospital's motion for summary disposition. We agree. We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Shortly after the trial court issued its second order, this Court decided *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 574-575; 703 NW2d 115 (2005), which held that

the two-year period in the wrongful death saving statute was independent of and separate from the statute's three-year outer limit for filing. According to *Farley*, a complaint is untimely if the personal representative files it more than two years after receiving letters of authority, even if three years have not yet elapsed since the period of limitations ran. *Id.* Therefore, the trial court erred when it held that the original complaint was timely.

Nevertheless, plaintiff argues that the appointment of a new personal representative renewed the two-year period in the wrongful death saving statute. She further argued that when the trial court allowed plaintiff to substitute *nunc pro tunc* for Mr. Mullins, the complaint was effectively filed on January 13, 2004. According to plaintiff, she could timely file the suit on January 13, 2004, because it was within two years after her letters of authority were issued, and it was not more than three years after the period of limitations had run (March 25, 2004). See MCL 600.5852. However, in *McMiddleton v Bolling*, 267 Mich App 667, 672-674; 705 NW2d 720 (2005), we recently held that a successor representative who does not file a separate complaint does not reap the benefits of the *opportunity* to file the complaint in a timely manner. Moreover, we held that MCL 700.3701, which applies certain legal fictions to a personal representative's premature actions, does not transform an earlier untimely action into a timely one. *McMiddleton, supra* at 674. We also rejected the plaintiff's reliance on Justice MARKMAN's concurring statement in *Chernoff v Sinai Hosp of Greater Detroit*, 471 Mich 910 (2004).[2]

---

[2] In his concurrence in *Chernoff*, Justice MARKMAN indicates that the successive appointment of a personal representative *nunc pro tunc* to the date of the issuing of a notice of intent to sue would save a case, as long as the outer, three-year period in MCL 600.5852 had not yet expired. However, the concurrence merely joined a denial of leave to appeal, and

*McMiddleton, supra* at 672 n 2. Therefore, applying *McMiddleton* and MCL 700.3701 to the case at bar, plaintiff's later addition to the suit did not constitute the filing of a new suit; rather, she was merely added as a party to an untimely suit. Plaintiff's appointment as successor personal representative and substitution as successor plaintiff did not transform the previous personal representative's untimely complaint into a timely one.

### III. RETROACTIVE APPLICATION OF *WALTZ*

However, we agree with plaintiff that *Ousley* was wrongly decided and that *Waltz* should only be applied prospectively. But for the mandate in MCR 7.215(J)(1), we would not follow *Ousley.* Rather, we would only apply *Waltz* prospectively and would affirm the trial court's order denying summary disposition. Therefore, we declare a conflict with *Ousley.* MCR 7.215(J)(2).

*Waltz* should only be applied prospectively because, contrary to *Ousley's* assertions, the time limits provided in *Omelenchuk* reflected the current state of the law when the original personal representative, plaintiff's father, filed suit. The time limits set forth in *Omelenchuk* had definitively settled the time limits for medical malpractice wrongful death suits, and plaintiff's father filed this suit within those limits. Nevertheless, *Ousley, supra* at 494-495, found that *Waltz's* basis for overruling *Omelenchuk* (that it was confusing, erroneous dicta) doubled as a solid basis for applying *Waltz* retroactively. Although the Supreme Court classified *Omelenchuk's* holding as confusing, the classification was only accu-

---

the rationale behind Justice MARKMAN's statement is sketchy. *Chernoff, supra* at 910-912. This exception would not technically apply in this case anyway, because the trial court did not retroactively appoint plaintiff, but retroactively named her plaintiff in this suit.

rate in light of the new, contrary approach adopted by
the Court. The Supreme Court did not assert that
*Omelenchuk* sent the bench and bar mixed messages,
leading litigants to disregard or misunderstand it. On
the contrary, the Supreme Court recognized the clear
implications of *Omelenchuk* and overruled it precisely
because it considered them erroneous and no longer
wanted litigators and judges to rely on them. *Waltz,
supra* at 654-655. Therefore, *Ousley's* adoption of
*Waltz's* categorization of *Omelenchuk* as confusing dicta
ignores the more pressing question: Was the rule in
*Omelenchuk* sufficiently understood, accepted, fol-
lowed, and entrenched as law so that suddenly and
retroactively reversing course would inequitably and
substantially prejudice otherwise compliant litigants?
Our experience in reviewing the practices of the bench
and bar tells us that it was.

In fact, our opinion in *Ousley, supra* at 493-494, only
relied on one pre-*Waltz* decision, *Miller v Mercy Mem
Hosp*, 466 Mich 196; 644 NW2d 730 (2002), but never-
theless contended that the Supreme Court's decision in
*Omelenchuk* was too eroded to justify reliance. While
*Miller, supra* at 202-203, was ultimately employed to
undermine one of *Omelenchuk's* bases for extending the
wrongful death time limit, the opinion itself merely
explains that MCL 600.5852 is a saving statute. It did
not challenge or question *Omelenchuk* and did not even
cite it. Moreover, in *Waltz, supra* at 653-654, the Su-
preme Court admitted that errors in *Omelenchuk* had
confused the bench and bar; it did not pretend that
*Miller* had righted the wayward ship. Therefore, until
*Waltz* changed the time schedules, *Omelenchuk* stood as
an unchallenged and clear pronouncement of the con-
trolling time limits. That the Supreme Court and the
panel in *Ousley* later found serious flaws in *Omelen-*

*chuk's* reasoning does not change the fact that it was the undisputed law at the time and was followed accordingly.[3]

Contrariwise, it stands to reason that if *Omelenchuk* was pure dicta, then *Waltz* blazed the trail as an issue of first impression, and *Omelenchuk* contradicts any presumption that the result in *Waltz* was "clearly foreshadowed" by precedent. Therefore, *Waltz* should only receive prospective application, and we begrudgingly follow *Ousley's* contrary directive.

Reversed.

FITZGERALD, P.J., concurred.

KELLY, J. *(concurring in part and dissenting in part).* I respectfully disagree with the majority's conclusion that *Ousley v McLaren*, 264 Mich App 486; 691 NW2d 817 (2004), was wrongly decided. I would reverse the trial court's denial of defendant St. Joseph Mercy Hospital's motion for summary disposition on the basis of *Ousley,* not because I am bound by court rule to follow it, but because it was correctly decided. For the reasons stated *McLean v McElhaney*, 269 Mich App 196, 200-204; 711 NW2d 775 (2005), I do not believe a conflict panel should be convened. I concur in all other respects.

---

[3] As for inequity, this case represents the classic and all-too-common situation. A grieving husband with astute and competent counsel is told that an action, which was timely when he filed it, is now fatally tardy. The merits of his action are ignored, and his reliance on Supreme Court precedent is disregarded. Ironically, we apply *Harris* for the proposition that the later appointment of a personal representative will not render an untimely action timely, but we have no qualms telling plaintiff that a few, well-chosen words from us can transform her father's timely action into an untimely one. Plaintiff's father and his counsel relied on our Supreme Court's holding in *Omelenchuk,* so applying *Waltz* inequitably destroys plaintiff's wrongful death claim.

The panel that decided *Ousley* correctly determined that *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), applied retroactively. The general rule provides for full retroactive application of judicial decisions. *Pohutski v City of Allen Park*, 465 Mich 675, 695; 641 NW2d 219 (2002). However, "[i]f a judicial decision is 'unexpected' and 'indefensible' in light of the law existing at the time of the underlying facts, retroactive application of that decision is problematic." *Lincoln v Gen Motors Corp*, 231 Mich App 262, 311; 586 NW2d 241 (1998) (WHITBECK, P.J., concurring) (citation omitted). "[C]omplete prospective application has generally been limited to decisions that overrule clear and uncontradicted case law." *Id.* On this point, our Supreme Court has quoted the United States Supreme Court:

> "In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly fore-shadowed . . . . Second, it has been stressed that 'we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' . . . Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' " [*Michigan Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 189-190; 596 NW2d 142 (1999), quoting *Chevron Oil Co v Huson*, 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971).]

However, our Supreme Court has cautioned:

> "Before any question of the retroactive application of an appellate decision arises, *it must be clear that the decision*

*announces a new principle of law.* A rule of law is new for
purposes of resolving the question of it retroactive applica-
tion . . . either when an established precedent is overruled
or when an issue of first impression is decided which was
not adumbrated by any earlier appellate decision." [*Michi-
gan Ed Employees, supra* at 191, quoting *People v Phillips,*
416 Mich 63, 68; 330 NW2d 366 (1982) (emphasis added).]

It thus bears repeating that "[c]omplete prospective
application has generally been limited to decisions
which overrule *clear and uncontradicted case law.*"
*Hyde v Univ of Michigan Bd of Regents*, 426 Mich 223,
240; 393 NW2d 847 (1986) (emphasis added).

*Waltz* did not overrule clear and uncontradicted case
law. Rather, as *Ousley* correctly held, *Waltz* "clarified
that other case law clearly established that § 5852 was
' "a *saving statute,* not a statute of limitations . . . ." ' "
*Ousley, supra* at 494, quoting *Waltz, supra* at 650,
quoting *Miller v Mercy Mem Hosp,* 466 Mich 196, 202;
644 NW2d 730 (2002). Therefore, *Waltz* applies retro-
actively.