LENTINI v URBANCIC (ON REMAND)

Docket No. 246323. Submitted May 9, 2005, at Lansing. Decided July 28, 2005, at 9:05 a.m.

Sam Lentini, as personal representative of the estate of his deceased wife, Lorraine Lentini, brought a medical malpractice action in the Macomb Circuit Court against William R. Urbancic, M.D.; and Thomas K. Thomas, M.D. The court, Richard L. Caretti, J., granted summary disposition for the defendants on the basis that the period of limitations for the action had expired. The Court of Appeals, SMOLENSKI, P.J., and WHITE and KELLY, JJ., affirmed, concluding that the plaintiff's letters of authority were issued within the meaning of MCL 600.5852 when they were signed by the probate court. Thus, the plaintiff had until April 15, 2002, to file his complaint under the two-year period allowed by MCL 600.5852 for actions by personal representatives, to the extent that period was tolled by filing a notice of intent under MCL 600.5856(d), now MCL 600.5856(c). However, the plaintiff's complaint, filed April 17, 2002, was untimely. 262 Mich App 552 (2004). The Supreme Court vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *Waltz v Wyse*, 469 Mich 642 (2004). 472 Mich 885 (2005).

On remand, the Court of Appeals *held*:

*Waltz* held that, because MCL 600.5852 is a saving provision rather than a statute of limitations, MCL 600.5856(d) does not toll the two-year period within which a personal representative may file a claim on behalf of a decedent under MCL 600.5852. *Waltz* applies retroactively. Hence, the plaintiff's notice of intent filed after the malpractice period of limitations expired did not toll either the original limitations period or the period applicable under the saving provision. Depending on when his letters of authority are deemed issued, the plaintiff needed to file his claim by either October 15 or 19, 2001. His claim was untimely because it was filed long after either date.

Affirmed.

*Serman and Leh, P.C.* (by *John M. Leh*), for Sam Lentini.

*Kerr, Russell and Weber, PLC* (by *Joanne Geha Swanson*), for William R. Urbancic.

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Raymond W. Morganti*), for Thomas K. Thomas.

ON REMAND

Before: SMOLENSKI, P.J., and WHITE and KELLY, JJ.

SMOLENSKI, P.J. In *Lentini v Urbancic,* 262 Mich App 552; 686 NW2d 510 (2004) (*Lentini I*), we affirmed the trial court's grant of summary disposition for defendants under MCR 2.116(C)(7). However, in lieu of granting leave to appeal, our Supreme Court vacated the decision in *Lentini I* and remanded the case to this Court for reconsideration in light of *Waltz v Wyse,* 469 Mich 642; 677 NW2d 813 (2004). *Lentini v Urbancic,* 472 Mich 885 (2005) (*Lentini II*). On remand, we again affirm the trial court's decision to grant summary disposition.

Plaintiff, as the personal representative of his deceased wife's estate, filed a complaint alleging medical malpractice against defendants on April 17, 2002. *Lentini I, supra* at 555. The period of limitations is two years for an action charging malpractice. MCL 600.5805(6). Plaintiff's wife passed away on April 11, 1999. *Lentini I, supra* at 554. Therefore, plaintiff had until April 11, 2001, to file a malpractice claim within the applicable period of limitations. However, under MCL 600.5852,

> [i]f a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an

action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Plaintiff's letters of authority making him the personal representative of his wife's estate were signed on October 15, 1999, but were certified and mailed to plaintiff on October 19, 1999. *Lentini I, supra* at 554-555. Consequently, under MCL 600.5852, plaintiff had until either October 15, 2001, or October 19, 2001, to file the malpractice claim, depending on which date the letters of authority were deemed issued.

On October 12, 2001, plaintiff filed a "Notice of Intent to File Suit" against defendants as required by MCL 600.2912b. *Lentini I, supra* at 554. Plaintiff argued that he had until April 19, 2002, to file his claim because the period under MCL 600.5852 was tolled for 182 days under MCL 600.5856(d)[1] by the filing of notice and because the letters of authority were issued on the date they were certified and mailed. While this Court accepted that MCL 600.5856(d) tolled the period described under MCL 600.5852, we disagreed with plaintiff's contention that the letters of authority were issued on October 19, 1999. We held that the letters of authority were issued on the date signed. *Lentini I, supra* at 555. Consequently, we determined that plaintiff's filing on April 17, 2002, was untimely by two days. *Id.*

In *Lentini II*, our Supreme Court vacated the decision of this Court in *Lentini I* and instructed this Court

---

[1] This section was amended by 2004 PA 87, effective April 22, 2004, but that amendment does not apply to this case. The provision is now found at MCL 600.5856(c).

to reconsider our decision in light of *Waltz*. In *Waltz*, our Supreme Court held that MCL 600.5856(d) is properly applicable only to statutes of limitation or repose. *Waltz, supra* at 650. The Court further held that, because MCL 600.5852 is not a statute of limitations, but is a saving provision, MCL 600.5856(d) does not toll the two-year period within which a personal representative may file a claim on behalf of a decedent under MCL 600.5852.[2] *Waltz, supra* at 650-652. Hence, under *Waltz*,[3] plaintiff's filing of notice pursuant to MCL 600.2912b after the expiration of the malpractice period of limitations did not toll either the original period of limitations or the period applicable under the saving provision of MCL 600.5856(d). Consequently, plaintiff had to file his claim by either October 15, 2001, or October 19, 2001, depending on the date the letters of authority are deemed issued. Because plaintiff filed the claim long after either of those dates, the claim was untimely.

Affirmed.

---

[2] We note that the applicable period under MCL 600.5852 is two years. The three-year period mentioned in the statute is a limitation on the two-year saving period and does not establish an independent period within which the personal representative may bring suit. See *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 573 n 16; 703 NW2d 115 (2005).

[3] The decision in *Waltz* applies retroactively. See *Ousley v McLaren*, 264 Mich App 486, 493-495; 691 NW2d 817 (2004).