MAZUMDER v UNIVERSITY OF MICHIGAN BOARD OF REGENTS

Docket Nos. 261331, 261333. Submitted December 6, 2005, at Lansing.
   Decided February 23, 2006, at 9:05 a.m. Leave to appeal sought.

   Monika Mazumder, personal representative of the estate of Deepika
   S. Mazumder, deceased, brought a medical malpractice wrongful
   death action in the Washtenaw Circuit Court against the Univer-
   sity of Michigan Board of Regents and others. The defendants
   moved for summary disposition on the grounds that the plaintiff's
   action was barred by the statute of limitations. The court, Donald
   E. Shelton, J., denied the defendants' motions, concluding after a
   review of *Waltz v Wyse*, 469 Mich 642 (2004), and *Ousley v
   McLaren*, 264 Mich App 486 (2004), that the plaintiff's complaint
   was timely filed in light of the period provided by MCL 600.5852
   for such actions by personal representatives. Several of the defen-
   dants appealed by leave granted, and the appeals were consoli-
   dated.

   The Court of Appeals *held*:

   1. The trial court erred by denying the defendants' motions on
   the basis of MCL 600.5852. The plaintiff filed her complaint nearly
   six months after the wrongful death saving period provided by
   MCL 600.5852 expired. *Waltz* held that the notice tolling provision
   of MCL 600.5856 does not toll the saving period. Under *Waltz* and
   its progeny, including *Ousley*, the plaintiff's complaint would be
   considered untimely. The trial court reasoned that the plaintiff's
   complaint was timely in light of the three-year period also set forth
   in MCL 600.5852 for a personal representative to file an action
   after the period of limitations has run. Under *Farley v Advanced
   Cardiovascular Health Specialists, PC*, 266 Mich App 566 (2005),
   however, this three-year period is not independent of the two-year
   wrongful death saving period for filing a complaint after letters of
   authority are issued. The three-year ceiling of MCL 600.5852 does
   not save the plaintiff's action.

   2. The trial court, nonetheless, did not err by denying the
   defendants' motion. The principles of equity require affirmance
   under the circumstances of this case. The plaintiff is entitled to
   equitable relief, given the widespread recognition within the bench
   and bar before *Waltz* that, under *Omelenchuk v City of Warren*, 461

Mich 567 (2000), the notice tolling provision applied to the wrongful death saving provision and the injustice that results from ignoring that recognition. *Waltz* was decided less than two weeks before the plaintiff filed her notice of intent and less than three weeks before the wrongful death saving period expired. Before *Waltz*, the plaintiff's complaint would have been timely because the courts applied the notice tolling provision to the saving period. When *Waltz* "eliminated" this tolling, it was impossible for the plaintiff to alter the course of her litigation to protect her right to a cause of action. No principled basis exists for denying the plaintiff her right to proceed with her pending action. The plaintiff's "untimely" filing was not due to her miscalculation of the applicable limitations period. She relied on the courts' repeated recognition that tolling applied under the circumstances of this case. The doctrine of equitable or judicial tolling should be rarely invoked only to ensure fundamental practicality and fairness and to prevent the unjust technical forfeiture of a cause of action. There is no indication in this case that the timing of the plaintiff's complaint resulted from a negligent failure. Rather, it was the product of confusion among the bench and bar concerning the existing law and an understandable misinterpretation of the notice tolling provision.

Affirmed.

HOEKSTRA, P.J., concurring in part and dissenting in part, agreed that *Waltz* retroactively foreclosed any statutory basis for tolling the two-year saving period, but dissented from the conclusion that the doctrine of equitable tolling may be applied in this case. Legal considerations and a diligent reading of the relevant precedents preclude application of equitable principles. Equitable or judicial tolling may be applied to toll the running of a period of limitations in the interests of justice, but application is limited to instances in which a plaintiff has exercised reasonable diligence in pursuing a claim but is prevented in some extraordinary way from exercising his or her rights. The plaintiff's reliance on dicta in *Omelenchuk* that contradicted clear statutory language and other cases is not reasonable diligence. The doctrine of equitable tolling cannot be used to categorically redraft a plain and unambiguous statute. Moreover, equitable tolling is a fact-based remedy driven by the unique circumstances of an individual case. When the alleged inequity or injustice arises from the judicial pronouncement of a rule of law that applies broadly across a class of cases, the proper remedy lies in a determination of whether the rule operates retroactively or only prospectively. That issue has already been

decided. Applying equitable tolling here affords *Waltz* only prospective application, contrary to the holding in *Ousley*, which is binding under MCR 7.215(J)(1).

*Blaske & Blaske, P.L.C.* (by *Thomas H. Blaske* and *John F. Turck IV*), for Monika Mazumder.

*Hebert, Eller & Chandler, PLLC* (by *Kevin P. Hanbury*), for Mohamed Aziz, M.D.; and Stephan F. Taylor, M.D.

*O'Connor, DeGrazia, Tamm & O'Connor, P.C.* (by *Julie McCann O'Connor, Richard M. O'Connor*, and *Audrey J. Forbush*) for Srinibas Mahapatra, M.D.

*Yockey Yockey & Schliem* (by *John A. Klarr*) for Washtenaw County Community Mental Health, Moonson R. Elliott Eninsche, and Richard Pfoutz.

Before: HOEKSTRA, P.J., and NEFF and DAVIS, JJ.

NEFF, J. In these consolidated appeals involving a wrongful death medical malpractice action, defendants appeal by leave granted an order of the trial court denying their motions for summary disposition pursuant to MCR 2.116(C)(7) on the grounds that plaintiff's action was time-barred.[1] Dr. Srinibas Mahapatra also challenges on cross-appeal the order denying summary disposition. We affirm, although not on the basis cited by the trial court.

I

This case is one of numerous appeals prompted by the Michigan Supreme Court's decision in *Waltz v Wyse*,

---

[1] Drs. Mohamed Aziz and Stephan F. Taylor appeal by leave granted in Docket No. 261331, and Washtenaw County Community Mental Health; Moonson R. Elliott Eninsche, B.A., R.S.W., C.S.M.; and Richard Pfoutz, M.S.W., C.S.W., appeal by leave granted in Docket No. 261333.

469 Mich 642, 648-650; 677 NW2d 813 (2004), and, more particularly, this Court's decision in *Ousley v McLaren,* 264 Mich App 486, 494-495; 691 NW2d 817 (2004), which determined that *Waltz* warrants retroactive application.[2] The question in this case is whether plaintiff's wrongful death medical malpractice action is properly dismissed after the decision in *Waltz* because the 182-day statutory tolling period, MCL 600.5856, on which plaintiff relied in calculating the period of limitations for filing her action was no longer applicable, and thus the saving period for filing a wrongful death action, MCL 600.5852, expired during the required 182-day statutory notice period for filing a medical malpractice action, MCL 600.2912b. We conclude that principles of equity require affirmance under the circumstances of this case.

II

In *Waltz,* the Supreme Court held that wrongful death actions filed by personal representatives under MCL 600.5852 were subject to the 182-day statutory waiting period for filing a medical malpractice action, MCL 600.2912b(1), but were not entitled to the concomitant 182-day statutory tolling of the limitations period under MCL 600.5856. Before the decision in *Waltz,* the bench and bar in Michigan, including a significant portion of this Court, generally functioned with the understanding that the notice period and the notice tolling provision operated together so that the two-year saving period permitted for filing a wrongful

---

[2] See also *Forsyth v Hopper,* 472 Mich 929 (2005); *Wyatt v Oakwood Hosp & Med Centers,* 472 Mich 929 (2005); *Evans v Hallal,* 472 Mich 929 (2005); *McMiddleton v Bolling,* 267 Mich App 667, 671; 705 NW2d 720 (2005); *Lentini v Urbancic (On Remand),* 267 Mich App 579, 582 n 3; 705 NW2d 701 (2005).

death action by a personal representative would be tolled during the 182-day waiting period. Consequently, after the decision in *Ousley* holding that *Waltz* applied retroactively, numerous cases pending in the lower courts were summarily dismissed as time-barred because the plaintiffs had filed the actions presuming a statutory tolling period, which under *Waltz* no longer applied. Like the proverbial deer in the headlights, the plaintiffs' causes of action have been frozen in time and space by the retroactive application of *Waltz* by *Ousley*, leaving them with no recourse or remedy.

The legal fallout from the decision in *Waltz* has been significant. This Court has been presented with numerous appeals of nearly identical issues of time-bar dismissal, all disputing the correctness and reach of *Waltz* and its progeny. These issues have consumed inordinate time and effort on the part of the bench and bar at various levels. For defense counsel, *Waltz* and *Ousley* were essentially a windfall in pending cases. For the plaintiffs' counsel, and their clients, the decisions had serious repercussions.[3]

Viewing *Waltz* and *Ousley* as *correct*, the fact that so many members of this state's bench and bar committed such rudimentary errors would be a discredit to the profession. Viewing *Waltz* or *Ousley* as *incorrect*, the fact that members of the bench and bar can ignore the inequities in these circumstances is a discredit to our sense of fairness and justice. Either way, permitting the summary dismissal of these legitimately filed claims is an indictment of our legal system, not merely the plaintiffs' lawyers. The Supreme Court has generally recognized and applied equitable principles to avoid

---

[3] Not only were the cases dismissed, but the grounds of dismissal call into question the adequacy of counsel's representation; a statute of limitations error on the part of trial counsel is the most rudimentary error.

injustice in circumstances such as these. *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 432; 684 NW2d 864 (2004); *Gladych v New Family Homes, Inc*, 468 Mich 594, 606; 664 NW2d 705 (2003); *Pohutski v City of Allen Park*, 465 Mich 675, 698-699; 641 NW2d 219 (2002). We conclude that the application of principles of equity is similarly warranted in this case to reinstate plaintiff's action.

III

Plaintiff Monika Mazumder filed this action as personal representative of the estate of the decedent, Deepika S. Mazumder, following Deepika's death on June 3, 2000. According to plaintiff's complaint, Deepika committed suicide as a result of defendants' negligence in treating her mental illness.

Personal representative letters of authority were issued for Deepika's estate on May 2, 2002.[4] Plaintiff filed a notice of intent for the medical malpractice action on April 27, 2004, and subsequently filed her complaint on October 21, 2004. Presuming that the saving period was tolled during the 182-day notice period, plaintiff calculated that she had the remainder of the two-year saving period in which to file her complaint, and thus the complaint was timely filed.[5]

*Waltz* was decided on April 14, 2004. Under the analysis in *Waltz*, plaintiff's action would be time-barred because *Waltz* held that the notice tolling provision, MCL 600.5856, did not toll the wrongful death saving period, MCL 600.5852, and therefore the saving period expired

---

[4] Although plaintiff apparently is the successor personal representative, she relies on the date the initial personal representative, Bhaskar Mazumder, was appointed.

[5] The number of days from April 27, 2004, to May 2, 2004, added to the 182 days.

May 2, 2004, during the 182-day waiting period following her notice of intent. This Court subsequently held that *Waltz* applied retroactively; thus, the analysis in *Waltz* became applicable to plaintiff's case. *Ousley, supra* at 494-495.

IV

Defendants argue that the trial court erred in denying their motions for summary disposition on the basis that plaintiff timely filed her complaint within the "five-year ceiling" permitted for filing a wrongful death action under MCL 600.5852. We agree for reasons discussed below.

Further, it seems clear that applying the analyses in *Waltz* and subsequent cases would result in the dismissal of plaintiff's case in hindsight because plaintiff could not meet the 182-day waiting period following her notice of intent, during which she was precluded from filing suit, and still file her complaint before the end of the two-year saving period under MCL 600.5852. However, given the widespread recognition within the bench and bar of notice tolling during the saving period before the decision in *Waltz*, and the injustice that results from ignoring that recognition, plaintiff is entitled to equitable relief. *Bryant, supra* at 432; *Apsey v Mem Hosp (On Reconsideration),* 266 Mich App 666, 681-682; 702 NW2d 870 (2005); see also *Ward v Rooney-Gandy,* 265 Mich App 515, 517-520; 696 NW2d 64 (2005) (setting forth principles for equitable tolling), rev'd 474 Mich 917 (2005). No principled basis exists for denying plaintiff her right to proceed with her pending action.

A

Whether a period of limitations applies in particular circumstances constitutes a legal question that this

Court considers de novo. *Detroit v 19675 Hasse*, 258
Mich App 438, 444; 671 NW2d 150 (2003).

> We [also] review de novo decisions regarding summary
> disposition motions. Under MCR 2.116(C)(7), summary
> disposition is proper when a claim is barred by the statute
> of limitations. In determining whether summary disposi-
> tion was properly granted under MCR 2.116(C)(7), this
> Court "consider[s] all documentary evidence submitted by
> the parties, accepting as true the contents of the complaint
> unless affidavits or other appropriate documents specifi-
> cally contradict them." [*Waltz, supra* at 647-648, quoting
> *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d
> 678 (2001).]

This Court considers de novo the applicability of equi-
table doctrines. *Yankee Springs Twp v Fox*, 264 Mich
App 604, 611; 692 NW2d 728 (2004).

B

The trial court denied defendants' motions for sum-
mary disposition on the grounds that plaintiff's com-
plaint was timely filed in light of what the court
perceived as a "five-year ceiling" in MCL 600.5852. We
disagree.

MCL 600.5852 sets forth a saving period in which a
personal representative may pursue a wrongful death
action:

> If a person dies before the period of limitations has run
> or within 30 days after the period of limitations has run, an
> action which survives by law may be commenced by the
> personal representative of the deceased person at any time
> within 2 years after letters of authority are issued although
> the period of limitations has run. But an action shall not be
> brought under this provision unless the personal represen-
> tative commences it within 3 years after the period of
> limitations has run.

The trial court reasoned that under the wrongful death saving provision, plaintiff had three years from the time she was issued letters of authority in which to file her complaint, or until June 3, 2005. However, as this Court noted in *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 573 n 16; 703 NW2d 115 (2005), the three-year period referenced in the second sentence of MCL 600.5852 does not establish a wrongful death saving period separate from the period of two years after the issuance of letters of authority:

> We note that the three-year ceiling in this provision does not establish an independent period during which a personal representative may bring suit. Specifically, it does not authorize a personal representative to file suit at any time within three years after the period of limitations has run. Rather, the three-year ceiling limits the two-year saving period to those cases brought within three years of when the malpractice limitations period expired. As a result, while the three-year ceiling can *shorten* the two-year window during which a personal representative may file suit, it cannot *lengthen* it.

Consequently, plaintiff's action is not saved by the three-year ceiling in MCL 600.5852, and the trial court erred in granting summary disposition on this basis.

C

The period of limitations applicable to a wrongful death action is generally the period applicable to the underlying theory of liability. *Waltz, supra* at 648. The limitations period for a medical malpractice action is two years from the date the claim first accrued.[6] MCL

---

[6] The six-month discovery rule, MCL 600.5838a(2), does not apply in this case.

600.5805(1) and (5);[7] *Farley, supra* at 571. However, MCL 600.5852 sets forth a saving period in which a personal representative may pursue a wrongful death action:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Accordingly, "a personal representative may file a medical malpractice suit on behalf of a deceased person for two years after letters of authority are issued, as long as that suit is commenced within three years after the two-year malpractice limitations period expired." *Farley, supra* at 572-573.

In 1993, the Legislature enacted a number of changes to the Revised Judicature Act, including a 182-day notice provision for medical malpractice actions, MCL 600.2912b(1), and a provision for tolling the period of limitations during the 182-day notice period, MCL 600.5856(d). 1993 PA 78; *Morrison v Dickinson*, 217 Mich App 308, 311-312; 551 NW2d 449 (1996). The purpose of the notice requirement is "to encourage settlement without the need for formal litigation." *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 715; 575 NW2d 68 (1997).

MCL 600.2912b(1) provides:

---

[7] Effective March 31, 2003, former MCL 600.5805(5) was renumbered as subsection 6. 2002 PA 715. Because subsection 5 prescribed the period of limitations applicable at the time this action accrued, MCL 600.5838a(1), this opinion refers to subsection 5.

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

MCL 600.5856 provides:

> The statutes of limitations or repose are tolled:
>
> * * *
>
> (d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.[8]

Under the statutory scheme for notice, "filing a notice of intent to sue will toll any period of limitations or repose, if such period . . . would otherwise bar the claim, for the time set out in the written notice of intent provision (MCL 600.2912b[1]), that is, for a period not longer than 182 days." *Farley, supra* at 572.

In *Waltz*, the Supreme Court held that the medical malpractice notice tolling provision did not toll the saving period under MCL 600.5852 for filing a wrongful death action:

> Section 5856(d), by its express terms, tolls only the applicable "statute of limitations or repose." As we recently stated in *Miller* [*v Mercy Mem Hosp,* 466 Mich 196, 202; 644 NW2d 730 (2002)], the wrongful death provision, § 5852, "is a *saving statute*, not a statute of limitations." (Emphasis supplied.) See also *Lindsey v Harper Hosp* [455

---

[8] Effective April 22, 2004, MCL 600.5856 was amended, relettering subsection d as c, and making other changes that do not affect this appeal. 2004 PA 87. This opinion cites the former subsection for consistency.

Mich 56, 60-61, 65; 564 NW2d 861 (1997)], in which we explained that § 5852, as "the statute of limitations *saving provision*" and an *"exception* to the statute of limitations," operated "to suspend the running of the statute until a personal representative is appointed to represent the interests of the estate."

The plain language of § 5852 wholly supports our conclusion that it is not itself a "statute of limitations." . . . By its own terms, § 5852 is operational only within the context of the *separate* "period of limitations" that would otherwise bar an action. Section 5852 clearly provides that it is an *exception* to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired. [*Waltz, supra* at 650-651.]

D

The parties do not dispute the timing of the following relevant events in this case: (1) The decedent died on June 3, 2000, after alleged acts of malpractice by defendants beginning on March 3, 2000; (2) the probate court issued letters of authority appointing a personal representative of the decedent's estate on May 2, 2002;[9] and (3) the personal representative gave defendants notice of the estate's intent to pursue medical malpractice claims against them on April 27, 2004.

Plaintiff filed suit on October 21, 2004, nearly six months after the expiration of the grace period for filing a medical malpractice action pursuant to the wrongful death saving statute. Under the analysis in *Waltz* and

---

[9] Plaintiff argues that the wrongful death saving provision in MCL 600.5852 began to run on May 2, 2002, the date that her predecessor personal representative, Bhaskar Mazumder, was issued letters of authority. Plaintiff does not argue that the wrongful death saving period should recommence on the date that she received letters of authority appointing her as the successor personal representative, and thus we do not address this consideration.

its progeny, plaintiff's complaint would be considered untimely. *Waltz, supra* at 651; *Farley, supra* at 573-575.

E

The decision in *Waltz*, and subsequent decisions, essentially retroactively foreclosed any statutory basis for tolling the two-year filing period in the saving statute, MCL 600.5852. *Waltz* was decided on April 14, 2004, less than two weeks before the notice of intent in this case on April 27, 2004, and less than three weeks before the two-year saving period expired on May 2, 2004. Under pre-*Waltz* decisions, our courts clearly applied the notice tolling provision to the two-year saving period in the wrongful death statute. Plaintiff proceeded accordingly in this case. If *Waltz* had not "eliminated" the tolling period, plaintiff's complaint, filed on October 21, 2004, would have been timely in light of the 182-day notice tolling provision. Given the timing of the *Waltz* decision, it was not possible for plaintiff to alter the course of the litigation to protect her right to a cause of action.

In rendering its decision in *Waltz*, the Supreme Court acknowledged that its earlier decision in *Omelenchuk v City of Warren,* 461 Mich 567; 609 NW2d 177 (2000), "might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision," and to that extent overruled *Omelenchuk.* *Waltz, supra* at 655. In *Omelenchuk, supra* at 577, a unanimous Court referred to MCL 600.5852 as a "limitation period," and calculated the limitations period on the basis of the date the personal representative was appointed, February 14, 1994, rather than the accrual date of the cause of action, February 13, 1994. See *Waltz, supra* at 654. Accordingly, in *Omelenchuk, supra* at 577, the Court observed that "the two-year limitation

period was set to expire on February 14, 1996," two years after the personal representative was appointed, indicating that the two-year period was tolled during the statutory notice period, i.e., the wrongful death saving period under MCL 600.5852. See *Waltz, supra* at 654.

Although in *Waltz* the Court determined that the dates in *Omelenchuk* were miscalculated and should have been based on the accrual date of the cause of action, February 13, 1994, rather than on the date the personal representative was appointed, February 14, 1994, the fact remains that *Omelenchuk* undeniably applied the tolling provision to the wrongful death saving provision, even if contrary to the plain language of the statute. The bench and bar subsequently relied on the analysis in *Omelenchuk* and the dates as calculated. See, e.g., *Waltz v Wyse*, unpublished opinion per curiam of the Court of Appeals, issued October 1, 2002 (Docket No. 231324), slip op, p 3 n 2 ("To the extent that plaintiff relies on *Omelenchuk, supra* at 577, we find that case distinguishable. In that case, the Supreme Court added the 182-day tolling period to the two-year limitation periods that started when the personal representative was appointed . . . .").

In addition to *Omelenchuk*, pre-*Waltz* published decisions of this Court similarly recognized tolling with respect to the required 182-day notice period.[10] In

[10] A review of both published and unpublished decisions in which this Court recognized that tolling applied during the statutory notice period reveals that at least 17 members of this Court presumed that tolling applied to the wrongful death saving statute. *Fournier v Mercy Community Health Care System-Port Huron*, 254 Mich App 461; 657 NW2d 550 (2002) (authored by Judge KELLY, joined by Judges SMOLENSKI and HOOD); *Lentini v Urbancic*, 262 Mich App 552; 686 NW2d 510 (2004) (authored by Judge SMOLENSKI and joined by Judges WHITE and KELLY), vacated and remanded, 472 Mich 885 (2005), on remand 267 Mich App 579 (2005); *Crockett v Fieger Fieger Kenney & Johnson, PC,* unpublished opinion per

*Fournier v Mercy Community Health Care System-Port Huron*, 254 Mich App 461; 657 NW2d 550 (2002), the Court clearly based its analysis and decision on the premise that the tolling provision, MCL 600.5856, applied to the wrongful death saving provision, MCL 600.5852. The Court held that because the plaintiff failed to comply with the requirements for the notice of intent under MCL 600.2912b, the notice of intent did not toll the "statutory period of limitation," which expired two years after the probate court issued letters of authority appointing the plaintiff personal representative. *Fournier, supra* at 468-469. In *Fournier,* the decedent died on July 7, 1998. The plaintiff was appointed personal representative on July 13, 1998. The plaintiff mailed six notices of intent on July 12, 2000, next-day delivery, all of which were mistakenly sent to one recipient who was not named as a defendant. *Id.* at 463. The Court noted that "under the particular facts of this case, the *period of limitation* expired July 13, 2000, two years after the letters of authority were issued." *Id.* at 466-467 (emphasis added).

Likewise, in *Lentini v Urbancic*, 262 Mich App 552; 686 NW2d 510 (2004), vacated and remanded, 472 Mich

curiam of the Court of Appeals, issued October 28, 2003 (Docket No. 240863) (Judges BANDSTRA, HOEKSTRA, and BORRELLO); *Waltz v Wyse*, unpublished opinion per curiam of the Court of Appeals, issued October 1, 2002 (Docket No. 231324) (Judges COOPER, HOEKSTRA, and MARKEY); *Chernoff v Sinai Hosp of Greater Detroit*, unpublished opinion per curiam of the Court of Appeals, issued March 22, 2002 (Docket No. 228014) (Judges NEFF, FITZGERALD, and TALBOT); *Gillary v Sisters of Mercy Health Corp*, unpublished opinion per curiam of the Court of Appeals, issued July 10, 2001 (Docket No. 221665) (Judges SAAD, HOLBROOK, and MURPHY); *Williams v Spohn*, unpublished opinion per curiam of the Court of Appeals, issued December 12, 2000 (Docket No. 212792) (Judges WILDER, HOLBROOK, and McDONALD). Our review indicates that, before the holding in *Ousley,* no panel had indicated a contrary view and, further, that defense counsel as well generally held the view that tolling applied to the saving period. See, e.g., *Chernoff, supra,* slip op, p 1 and n 1.

885 (2005), on remand 267 Mich App 579 (2005), the
"Court accepted that MCL 600.5856(d) tolled the period
described under MCL 600.5852 . . . ." *Lentini, supra,*
267 Mich App 581. In the initial opinion, the Court
addressed the question of "when" the letters of author-
ity were considered "issued" for the purposes of tolling
the period of limitations. The Court held that the letters
are "issued" on the date they are signed by the probate
judge. *Id.* The decedent died on April 11, 1999. The
letters of authority were signed on October 15, 1999,
and certified and mailed to the plaintiff on October 19,
1999. On October 12, 2001, the plaintiff filed a notice of
intent. *Id.* at 580-581. In its initial decision, the Court
stated:

> If the date of issuance of the letters of authority is
> fixed as October 15, 1999, plaintiff had three days
> remaining under the statute of limitations when he
> tolled the running of the statutory period on October 12,
> 2001. The saving provision would give plaintiff three
> days to timely file his malpractice complaint when the
> tolling provision expired on April 12, 2002, or until April
> 15, 2002. But if the date of issuance of the letters of
> authority is deemed to be October 19, 1999, plaintiff had
> seven days remaining under the statute of limitations at
> the time it was tolled, and, therefore, when the tolling
> provision expired on April, 12, 2002, plaintiff had until
> April 19, 2002, to timely file his complaint. Plaintiff filed
> his complaint on April 17, 2002. Thus, whether plain-
> tiff's complaint survives is wholly dependent on the date
> the letters of authority were "issued." [*Lentini, supra,*
> 262 Mich App 554-555.]

No matter which date the letters of authority were
considered "issued," the Court recognized that the
tolling period applied to the wrongful death saving
statute. Pre-*Waltz* decisions by lower courts likewise
applied the tolling provision to the wrongful death
saving provision.

Moreover, in *Morrison,* this Court addressed the statutory scheme for the notice of intent requirement, MCL 600.2912b, and the tolling provision, MCL 600.5856, as enacted under 1993 PA 78. Because of the effective date and the enacting provisions of the public act, the plaintiffs' case was subject to the notice requirement, but not the tolling provision. The Legislature enacted the notice provision and the tolling provision, both effective April 1, 1994. *Morrison, supra* at 311. The act, however, provided that the tolling provision did not apply to causes of action arising before October 1, 1993, whereas the notice provision applied to cases filed on or after October 1, 1993. *Id.* at 312.

In *Morrison,* the plaintiffs' malpractice action arose on May 21, 1992, with respect to a childbirth; however, the plaintiffs provided their notice of intent on April 28, 1994, and filed their complaint on May 19, 1994. *Id.* at 310. The defendants claimed that they were entitled to summary disposition because the plaintiffs failed to give the required 182-day notice. The *Morrison* Court held that although the plaintiffs failed to comply with the notice requirement, they could not be denied the tolling period, even though technically it did not apply to their cause of action, because "enforcement would vitiate an accrued medical malpractice claim without providing the potential plaintiff the benefit of the 182-day tolling provision." *Id.* at 318. The Court held that the plaintiffs, as well as all similarly situated plaintiffs, were free to refile their suits following the dismissal of their actions. *Id.* at 319. *Morrison* clearly recognized that the Legislature's intent was that the 182-day notice provision would be counterbalanced by the 182-day tolling provision. *Id.* at 315-316.

F

In this case, plaintiff's "untimely" filing was not due to her miscalculation of the applicable limitations period. Plaintiff relied on the courts' repeated recognition and the general understanding among the bench and bar that tolling applied under the circumstances of this case.[11] Accordingly, in keeping with established precedent, equitable principles compel affirmance.

The Supreme Court has generally recognized and applied equitable principles to avoid injustice in circumstances such as these. *Bryant, supra* at 432; *Pohutski, supra* at 698-699. Given this precedent, including the recognition in *Waltz, supra* at 655, that *Omelenchuk* "might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision," we find the equitable principles applied by Justice MARKMAN in *Bryant, supra* at 432, a proper basis for reinstating plaintiff's action. In this case, as in *Bryant*, "[p]laintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights." *Id.*

The fact that the language of the statute plainly refers to a "statute of limitations" or a "statute of repose," see *Waltz, supra* at 651, 655, does not change this result. In *Pohutski*, considering similar equities, Justice CORRIGAN, writing for the majority, obtained a similar result under the same reasoning. The Court held that "the plain language of the governmental tort liability act does not contain a trespass-nuisance excep-

---

[11] The number of recent and pending appeals presenting nearly identical issues of time-bar dismissal in the context of the wrongful death saving provision, MCL 600.5852, is further evidence of this general understanding.

tion to governmental immunity," but nonetheless determined that it would be inequitable to apply the holding to pending cases. *Id.* at 689-690. Justice CORRIGAN concluded:

> Thus, if we applied our holding in this case retroactively, the plaintiffs in cases currently pending would not be afforded relief under *Hadfield* [*v Oakland Co Drain Comm'r*, 430 Mich 139; 422 NW2d 205 (1988)] or 2001 PA 222. Rather, they would become a distinct class of litigants denied relief because of an unfortunate circumstance of timing.
>
> Accordingly, this decision will be applied only to cases brought on or after April 2, 2002. In all cases currently pending, the interpretation set forth in *Hadfield* will apply. [*Pohutski, supra* at 698-699.]

Although Justice CORRIGAN's statements were made in the context of retroactivity, there is no principled basis for failing to similarly uphold the "administration of justice" in this case. *Id.* at 699; see also *Gladych, supra* at 606. The equities do not change merely because of the nature of the action. Plaintiff's circumstances are no less worthy of equity, fairness, or justice with respect to her right of action.

Even absent this Supreme Court precedent, the doctrine of judicial or equitable tolling should be invoked to prevent the unjust forfeiture of plaintiff's cause of action. *Ward, supra* at 520. In *Ward*, this Court set forth the principles of equitable or judicial tolling:

> "The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff." 51 Am Jur 2d, Limitation of Actions, § 174, p 563. "In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations, provided it is in

conjunction with the legislative scheme." 54 CJS, Limitations of Actions, § 86, p 122. . . .

\* \* \*

This Court in *United States Fidelity & Guaranty Co v Amerisure Ins Co*, 195 Mich App 1, 6; 489 NW2d 115 (1992), noted that "Michigan and federal case law provides precedent for the principle that limitation statutes are not entirely rigid, allowing judicial tolling under certain circumstances[.]"

\* \* \*

Equitable tolling has been applied where "the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period or the claimant has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass." Am Jur 2d, *supra* at 563. While equitable tolling applies principally to situations in which a defendant actively misleads a plaintiff about the cause of action or in which the plaintiff is prevented in some extraordinary way from asserting his rights, the doctrine does not require wrongful conduct by a defendant. *Id*. at 564. An element of equitable tolling is that a plaintiff must exercise reasonable diligence in investigating and bringing his claim. *Id*. at § 175, p 564. [*Id*. at 517-520.]

The doctrine of equitable or judicial tolling "must and should be rarely invoked" only "to ensure fundamental practicality and fairness and to prevent the unjust technical forfeiture of a cause of action . . . ." *Id*. at 520; see also *Apsey, supra* at 681-682. Such circumstances exist in this case.

Although the Supreme Court recently reversed the majority decision in *Ward* in lieu of granting leave to appeal for the reasons stated in the dissent in *Ward,* see 474 Mich 917 (2005), the *Ward* dissent did not eschew the doctrine of equitable tolling, but concluded that it

did not apply in the circumstances of that case because the affidavit was grossly nonconforming and the filing of the defective affidavit did not toll the period of limitations. *Ward, supra* at 529. Contrasting *Bryant, supra* at 432, the dissent concluded that the plaintiff's filing of an affidavit regarding the wrong patient "was undoubtedly 'the product' of a 'negligent failure' rather than an 'understandable confusion . . . .' " *Ward, supra* at 528-529. In this case, to the contrary, there is no indication that the timing of plaintiff's complaint resulted from any negligent failure; rather, it was based on the confusion among the bench and bar concerning the existing law in Michigan. *Apsey, supra* at 681.

Plaintiff's failure to comply with the statute of limitations was the product of an understandable misinterpretation of the notice tolling provision, resulting from not only the appellate courts' interpretation of the statutes at issue, but also from the presumed legislative intent. We hold that plaintiff is entitled to equitable relief. Accordingly, we affirm the trial court's order denying defendants' motions for summary disposition pursuant to MCR 2.116(C)(7).

V

Regardless of whether the decision in *Waltz* reached a correct result reading the plain language of MCL 600.5856, this result could not have been intended by the Legislature. In this case, as in *Morrison*, plaintiff is subject to the notice provision, but not the tolling provision, which is contrary to the legislative intent as set forth in *Morrison*. The notice of intent tolling provision, MCL 600.5856, should apply to the wrongful death saving period, MCL 600.5852, because it is the only way to harmonize the statutes and thereby effectuate the plain enactments of the Legislature.

In effect, *Waltz* established a judicial obstacle to a cause of action that the Legislature established pursuant to the strict requirement of a 182-day waiting period to file a medical malpractice action. The 182-day waiting period is used as a sword to shorten the two-year saving period. Wrongful death medical malpractice actions are generally time-consuming and difficult to evaluate; personal representatives should at least have the benefit of the two-year minimal period for filing a cause of action that the Legislature has determined is appropriate for medical malpractice actions generally. We urge the Legislature to respond legislatively to restore the two-year saving period for a wrongful death cause of action to eliminate confusion.

Affirmed.

DAVIS, J., concurred.

HOEKSTRA, P.J. (*concurring in part and dissenting in part*). I agree with the majority that our Supreme Court's decision in *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), "retroactively foreclosed any statutory basis for tolling the two-year filing period in the saving statute, MCL 600.5852." *Ante* at 54. I respectfully dissent, however, from the majority's conclusion that the doctrine of equitable tolling may be applied here to uphold the trial court's denial of summary disposition in favor of defendants.

As noted by the majority, this case stems from the June 3, 2000, death of plaintiff's decedent, who committed suicide allegedly as a result of malpractice by defendants. Regarding the application of the principles of equity, plaintiff's sole argument on appeal is that summary disposition of the wrongful death medical malpractice suit subsequently brought by her as per-

sonal representative of the decedent's estate was properly denied because, "[a]t the time [her] cause of action arose . . ., *Omelenchuk* [*v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000)] was the controlling law in this state." Plaintiff asserts that she reasonably relied on *Omelenchuk* in concluding that the tolling provision of MCL 600.5856(d)[1] applied to the two-year period for commencing a wrongful death action as personal representative of a decedent's estate set forth in MCL 600.5852. Thus, plaintiff requests that this Court invoke its equitable powers to alleviate the effects of retroactively applying the Supreme Court's subsequent decision in *Waltz* to the case at bar. As explained below, however, legal considerations and a diligent reading of the relevant precedents preclude this Court from applying principles of equity to judicially toll the period of limitations and, thereby, spare plaintiff from the admittedly harsh result of summary dismissal of her claim on the basis that *Omelenchuk* was controlling precedent.

Well before the decedent's death, our Supreme Court, in *Lindsey v Harper Hosp*, 455 Mich 56, 58-59; 564 NW2d 861 (1997), addressed whether the two-year period set forth in MCL 600.5852 began to run when the plaintiff was issued letters of authority as "temporary" personal representative, or when the plaintiff was later appointed as the permanent personal representative of the decedent's estate. In concluding that the period began to run at the issuance of the letters

---

[1] As recognized by the majority, MCL 600.5856 was amended by 2004 PA 87, effective April 22, 2004. As part of this amendment, MCL 600.5856(d) was reworded in a manner that does not change the substantive meaning of the provision, and reassigned as MCL 600.5856(c). Because many of the precedents discussed in this opinion and the events relevant to the timeliness of plaintiff's complaint occurred before the effective date of 2004 PA 87, I will refer to the arrangement of MCL 600.5856 before its amendment.

appointing the plaintiff temporary personal representative, and that, as a result, the plaintiff's claim for medical malpractice was time-barred, the Court made repeated references to MCL 600.5852 as a "saving provision" that, "as an exception to a statute of limitation, must be narrowly construed." *Id.* at 64-67, 69. Noting the generally arbitrary manner in which "all statutes of limitation set . . . time limits for legal claims," however, the Court declined to limit the retroactive effect of its holding despite the fact that the "plaintiff's claim may seem unfairly barred by [its] holding . . . ." *Id.* at 69.

Several years later, and only shortly before the death of plaintiff's decedent, our Supreme Court released its decision in *Omelenchuk, supra* at 571-577, in which it addressed whether the notice tolling provision of MCL 600.5856(d) tolled the period of limitations for a medical practice claim for a full 182 days, or only 154 days, when a medical malpractice claimant does not receive a written response to the notice of intent required by MCL 600.2912b. Declining to rewrite MCL 600.2912b, the Court held that while the statute allows the 182-day "no suit" waiting period to be "reduced to [154] days if the [defendant] fails to respond to the notice," the two-year limitations period applicable to a claim for medical malpractice nonetheless remains tolled in such circumstances for the full 182 days. *Id.* at 573, 575. In applying its holding, however, the Court calculated the "*limitation* period" at issue as beginning on the date of the appointment of the decedent's personal representative, rather than the date of the accrual of the claim. *Id.* at 577 (emphasis added). After then applying the notice tolling provision of MCL 600.5856(d) to this period, the Court reversed this Court's conclusion that the plaintiff's claim was time-barred. *Id.* at 577-578.

Approximately two years after the Court's decision in *Omelenchuk*, plaintiff was issued, on May 2, 2002, letters of authority appointing her personal representative of the decedent's estate. Although acknowledging that MCL 600.5852 expressly afforded her a period of two years from that date in which to file her claim, plaintiff asserts that the Supreme Court's holding in *Omelenchuk* provided her a reasonable basis to presume that this period could be extended by the notice tolling provision of MCL 600.5856(d). However, during the month following plaintiff's appointment as personal representative, the Supreme Court issued its opinion in *Miller v Mercy Mem Hosp*, 466 Mich 196; 644 NW2d 730 (2002). Unlike *Omelenchuk*, in which MCL 600.5852 was only tangentially implicated, in *Miller* the Court was asked to expressly address the provisions of MCL 600.5852. Specifically, the Court was asked to decide whether the six-month discovery rule of MCL 600.5838a(2) constituted a "period of limitations" within the meaning of MCL 600.5852. *Miller, supra* at 197. In concluding that it does, the Court strictly construed the plain language of MCL 600.5852, citing both *Lindsey* and the fact that "[s]ection 5852 is a saving statute, not a statute of limitations." *Miller, supra* at 202-203.

Two years after *Miller* was decided, and just weeks before plaintiff served defendants with notice of her intent to file a medical malpractice claim on April 27, 2004, the Court released its decision in *Waltz, supra* at 644, 650, in which it expressly addressed the question at issue here, i.e., whether MCL 600.5856(d) tolls the two-year period for commencing a wrongful death action provided for under MCL 600.5852. Noting that it " 'need look no further than the language of the tolling statute to resolve this issue,' " the Court in *Waltz* held that the notice of intent tolling provision of MCL

600.5856(d) does not toll the two-year period for commencing an action as personal representative of a decedent's estate provided for by MCL 600.5852, but, "by its express terms, tolls only the applicable 'statute of limitations or repose.' " *Id.* at 649-650, quoting *Waltz v Wyse*, unpublished opinion per curiam of the Court of Appeals, issued October 1, 2002 (Docket No. 231324), slip op at 2, and MCL 600.5856(d). As support for its conclusion in this regard, the Court recalled its earlier pronouncements in both *Miller* and *Lindsey* that MCL 600.5852 is not itself a statute of limitations, but rather is a " 'statute of limitations *saving provision*' and an '*exception* to the statute of limitations' . . . ." *Id.* at 650, quoting *Lindsey, supra* at 61, 65. With respect to its characterization of MCL 600.5852 as creating a "limitation period" in *Omelenchuk*, the Court acknowledged that its "imprecise choice of words" in resolving the question before it in that case had resulted in some confusion. *Waltz, supra* at 653-654. The Court noted, however, that its "passing references to § 5852 as creating a 'limitation period,' " as well as its mistaken calculations of time in applying its holding were unnecessary to resolution of the issue in *Omelenchuk*. *Id.* at 653-655.

Relying on *Waltz*, defendants sought summary disposition of the medical malpractice claims alleged by plaintiff in the wrongful death action filed by her on October 21, 2004. At about that same time, a panel of this Court approved for publication its decision in *Ousley v McLaren*, 264 Mich App 486; 691 NW2d 817 (2004), in which it addressed whether the Supreme Court's decision in *Waltz* met the requirements for exception from the general rule that judicial decisions are to be given complete retroactive effect. In answering this question, the panel noted that for the exception to apply, the decision must either overrule clear and un-

contradicted case law or decide an issue of first impression that was not clearly foreshadowed. *Id.* at 493. Noting further that the question whether the notice tolling provision of MCL 600.5856(d) applied to the wrongful death saving provision of MCL 600.5852 was not before the Court in *Omelenchuk*, the panel found that the only law *Waltz* might arguably have overruled was the admittedly confusing and imprecise dicta used by the Court in applying its holding in *Omelenchuk*. *Id.* at 493-495. The panel further concluded that "to the extent that *Waltz* decided an issue of first impression in deciding that § 5856(d) does not toll § 5852, that resolution was 'clearly foreshadowed,' if not actually determined, by the [Supreme Court's] previous decision holding that § 5852 is a saving provision, not a statute of limitations or repose." *Id.* at 495, citing *Waltz, supra* at 653-654. Thus, the panel concluded that *Waltz* meets neither of the two exceptions to the general rule requiring retroactive application of judicial decisions and that its holding, therefore, applies retroactively. *Ousley, supra* at 495.

The trial court here found both *Waltz* and *Ousley* to be distinguishable on the grounds that the plaintiffs in those cases failed to file an action within the five-year outside limit set by MCL 600.5852. To the extent the majority concludes that the trial court erred in denying defendants' motions on these grounds, and that application of *Waltz* and its progeny renders plaintiff's complaint untimely, I concur. See *ante* at 49-50, 53-54. I do not agree, however, that the doctrine of equitable tolling is available to remedy the dismissal required by these conclusions.

The doctrine of equitable, or judicial, tolling may be applied to toll the running of a period of limitations in the interests of justice. See 51 Am Jur 2d, Limitation of

Actions, § 174, p 563-564. Proper application of the doctrine, however, is limited to those instances in which a plaintiff has exercised reasonable diligence in pursuing a claim, but "is prevented in some extraordinary way from asserting his or her rights." *Id.* at 564. Here, plaintiff maintains that she reasonably relied on *Omelenchuk* to conclude that the notice tolling provisions of MCL 600.5856(d) apply to the period for commencing a wrongful death action under MCL 600.5852. However, as recognized by the courts in both *Waltz* and *Ousley*, any such implication by the Court in *Omelenchuk* was expressed in dicta that clearly contradicted the clear and unambiguous language employed in MCL 600.5856(d) and MCL 600.5852, as well as the characterization of MCL 600.5852 as a statute of limitations "saving provision" and an "exception" to the statute of limitations in *Lindsey*, which was decided before *Omelenchuk*, and in *Miller*, which was decided after *Omelenchuk*. *Waltz, supra* at 650; *Ousley, supra* at 492, 494-495. Under such circumstances, it cannot be said that plaintiff exercised reasonable diligence in the timely pursuit of her claim, in choosing to rely on *Omelenchuk* to afford the relevant statutes a broad interpretation not supported by the plain language of the statute, such that the interests of justice require application of the doctrine of equitable tolling. Indeed, as recognized by the Court in *Waltz, supra* at 650-651, and again by this Court in *Ousley, supra* at 495, a diligent and reasonable reading of the relevant precedents and statutory language plainly advises that a medical malpractice plaintiff's filing of a notice of intent to sue does not toll the wrongful death saving provision. Consequently, I do not believe that application of the doctrine of equitable tolling is warranted in this case.

Further, I disagree with the majority's conclusion that "equitable principles compel [our] affirmance" in

this matter because "[p]laintiff relied on the courts' repeated recognition and the general understanding among the bench and bar that tolling applied under the circumstances of this case." *Ante* at 59. Setting aside the fact that plaintiff herself makes no such claim, but simply argues that *Omelenchuk* was controlling precedent, I nonetheless would conclude that even if this case were as the majority alleges, equitable tolling is not a remedy to which the plaintiff here, or those in other similarly situated cases, can look for relief.

In *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 432-433; 684 NW2d 864 (2004), our Supreme Court applied the principles underlying the doctrine of equitable tolling to permit the plaintiff to proceed with medical malpractice claims filed by her as claims of ordinary negligence outside the period established by MCL 600.5805(6) and MCL 600.5852. Although observing that, "under ordinary circumstances," the plaintiff's claims for medical malpractice would be time-barred, the Court found that the "equities" of that case compelled a different result. *Bryant, supra* at 432. In doing so, the Court noted that "[t]he distinction between actions sounding in medical malpractice and those sounding in ordinary negligence [had] troubled the bench and bar," and thus found that the "[p]laintiff's failure to comply with the applicable statute of limitations [was] the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights." *Id*. The Court, therefore, applied its equitable power to permit the plaintiff's medical malpractice claims to proceed to trial along with her claim of ordinary negligence. *Id*.

The Court, however, recently clarified the limits of this equitable power in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590 n 65; 702 NW2d 539 (2005), in which,

declining to apply these same principles to toll the one-year-back rule of MCL 500.3145(1), the Court explained that "a categorical redrafting of a statute in the name of equity violates fundamental principles of equitable relief and is a gross departure from the proper exercise of the 'judicial power,'" and, in doing so, distinguished its application of equity in *Bryant*:

> [I]n *Bryant*, there was no controlling statute negating the application of equity. Instead the disputed issue in *Bryant*—whether a claim sounds in medical malpractice or ordinary negligence—was controlled by this Court's case law. On the other hand, in the present case, there is a statute that controls the recovery of PIP benefits: § 3145(1). Section 3145(1) specifically states that a claimant "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced," and this Court lacks the authority to say otherwise.

As in *Devillers*, an application of the doctrine of equitable tolling here would result in the "categorical redrafting" of the plain and unambiguous language employed in both MCL 600.5856(d) and MCL 600.5852. Therefore, such relief is beyond the authority of this Court.

Additionally, I note that although developed to alleviate an unjustly harsh result arising from the strict application of a statute of limitations, equitable tolling is a fact-based remedy driven by the unique circumstances of an individual case. See *Keenan v Bagley*, 400 F3d 417, 421 (CA 6, 2005) (the applicability of equitable tolling must be decided on a case-by-case basis). In contrast, where, as here, the alleged inequity or injustice arises from the judicial pronouncement of a rule of law, and thus applies broadly across a class of cases, the proper remedy lies in the determination whether the rule announced is to operate retroactively or only

prospectively. See, e.g., *James B Beam Distilling Co v Georgia*, 501 US 529, 543; 111 S Ct 2439; 115 L Ed 2d 481 (1991) (opinion of Souter, J.) ("Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application."). With respect to such a determination, our Supreme Court did not, as it did in *Lindsey, supra* at 68-69, address the effect of its holding in *Waltz* on those cases pending at the time of its decision. It is evident from its precedent, however, that in those circumstances where the Court believes that "injustice might result from full retroactivity," it has seen fit to limit retroactive application of its holdings. *Pohutski v City of Allen Park*, 465 Mich 675, 695-696; 641 NW2d 219 (2002); see also *Gladych v New Family Homes, Inc*, 468 Mich 594, 606; 664 NW2d 705 (2003). Rather than do so here, our Supreme Court has denied leave to appeal this Court's decision in *Ousley*, see 472 Mich 927 (2005), and has directed that this Court give its holding in *Waltz* "full retroactive application" in at least three other cases, *Wyatt v Oakwood Hosp & Medical Centers*, 472 Mich 929 (2005); *Evans v Hallal*, 472 Mich 929 (2005), and *Forsyth v Hopper*, 472 Mich 929 (2005). The Court's view on the matter thus seems clear, despite its failure to directly address the question of the retroactive application of *Waltz*. Although adherence to this view commands a harsh result for this plaintiff, and potentially a great number of other plaintiffs, we cannot ignore the Court's directives and, in any event, are bound to follow the holding in *Ousley*, MCR 7.215(J)(1), and apply *Waltz* retroactively to the case at bar.[2]

---

[2] Despite my disagreement with the majority concerning the application of equitable tolling, I fully agree that the issues arising from *Waltz* "have consumed inordinate time and effort on the part of the bench and bar at various levels." *Ante* at 46. In this Court, the recent decision of *Mullins v St Joseph Mercy Hosp*, 269 Mich App 586; 711 NW2d 448

For all these reasons, and because to apply the doctrine of equitable tolling here is to afford *Waltz* only prospective application, I respectfully dissent from the majority's conclusion that the doctrine may validly be applied to uphold the trial court's denial of summary disposition in favor of defendants.

---

(2006), has invoked the conflict procedure, MCR 7.215(J)(2), regarding the holding in *Ousley*. See 269 Mich App 801 (2006). With its opinion today, the majority applies equitable tolling essentially as a substitute for prospective application, a decision that in my judgment may well result in another panel declaring a conflict. All the while that these issues swirl through this Court, litigants are faced with prolonged uncertainty regarding the viability of their claims. It seems to me that under these circumstances, it is incumbent on the Supreme Court to take up these issues and resolve them definitively. In this regard, I fully concur with the majority's reasoning in *McLean v McElhaney*, 269 Mich App 196, 203-204; 711 NW2d 775 (2005).