# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

130836 & (70)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

MONIKA MAZUMDER, Personal
Representative of the Estate of
Deepika S. Mazumder, Deceased,
      Plaintiff-Appellee,

v

UNIVERSITY OF MICHIGAN
REGENTS, ROBERT A. KOEPKE,
PH.D., RAJIV TANDON, M.D.,
SATOSHI MINOSHIMA, M.D.,
WASHTENAW COUNTY
COMMUNITY MENTAL HEALTH,
JOSEPH YAROCH, M.D.,
MOONSON R. ELLIOTT ENINSCHE,
B.A., R.S.W., C.S.M., and RICHARD
PFOUTZ, M.S.W., C.S.W.,
      Defendants,

and

MOHAMED AZIZ, M.D., and
STEPHAN F. TAYLOR, M.D.,
      Defendants-Appellants,

and

SRINIBAS MAHAPATRA, M.D.,
      Defendant.

SC: 130836
COA: 261331
Washtenaw CC: 04-001101-NM

_____/

By order of April 4, 2007, the application for leave to appeal the February 23, 2006 judgment of the Court of Appeals was held in abeyance pending the decision in *Mullins v St Joseph Mercy Hosp* (Docket No. 131879). On order of the Court, the case having been decided on November 28, 2007, 480 Mich ___ (2007), the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals because the court erred in invoking

the doctrine of equitable tolling under these circumstances. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586-587 n 65 (2005). However, because the plaintiff falls within the class of plaintiffs entitled to relief identified in our order in *Mullins*, *supra*, we REINSTATE the order of the Washtenaw Circuit Court denying the defendants' motion for summary disposition and REMAND this case to that court for further proceedings not inconsistent with this order and the order in *Mullins*.

The motion to consolidate is DENIED as moot.

CAVANAGH and WEAVER, JJ., concur in the result.

KELLY, J. concurs and states as follows:

The issue in this case is whether our decision in *Waltz v Wyse*[1] bars plaintiff's claim. The Court of Appeals invoked the doctrine of equitable tolling to find that plaintiff's claim was not barred by *Waltz*.[2] We affirm that decision, but for a different reason. Plaintiff is within the class of plaintiffs who are entitled to relief under our unanimous order in *Mullins v St Joseph Mercy Hosp.*[3] For that reason, it is unnecessary for us invoke the doctrine of equitable tolling to find that plaintiff's claim is not barred by *Waltz*.

I write to point out that, given the state of the law when the Court of Appeals reached its decision, resort to the doctrine of equitable tolling was highly appropriate. As the Court of Appeals correctly recognized, the doctrine should be invoked "'to ensure fundamental practicality and fairness and to prevent the unjust technical forfeiture of a cause of action.'"[4] The Court of Appeals persuasively concluded that circumstances justifying its application existed in this case.

---

[1] *Waltz v Wyse,* 469 Mich 642 (2004).

[2] *Mazumder v University of Michigan Bd of Regents*, 270 Mich App 42, 62 (2006) (citations omitted).

[3] 480 Mich ___ (2007).

[4] *Mazumder*, 270 Mich App at 61 (citations omitted).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

_____
Clerk

l0129