# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

133215
133216
133217
133218

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

JUDY A. LONG, Personal
Representative of the Estate
of James E. Long, Deceased
         Plaintiff-Appellee,

v

DR. FOLAYAN GOODSON,
HENRY FORD MEDICAL CENTER,
and HENRY FORD HEALTH
SYSTEM,
         Defendants-Appellants,

and

BOTSFORD GENERAL HOSPITAL,
DANIEL L. RICHARDSON, D.O.,
DR. PENNINGTON, ROBERT
BRECKENFELD, D.O., DR. ANDREW
HANS RIKKERS, DR. MAUREEN
NELSON, DR. JENNINGS, SANFORD
SKLAR, and EARL T. HECKER, D.O.
         Defendants-Appellees.

SC: 133215-133218
COA: 261049, 261050, 261051, 261052
Wayne CC: 03-330994-NH

_____/

     By order of May 30, 2007, the application for leave to appeal the April 18, 2006 judgment of the Court of Appeals was held in abeyance pending the decision in *Mullins v St Joseph Mercy Hosp* (Docket No. 131879). On order of the Court, the case having been decided on November 28, 2007, 480 Mich ___ (2007), the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals because the court erred in invoking the doctrine of equitable tolling under these circumstances. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586-587 n 65 (2005). However, because the plaintiff falls within the class of

plaintiffs entitled to relief identified in our order in *Mullins*, *supra*, we REMAND this case to the Wayne Circuit Court for entry of an order denying the defendants' motion for summary disposition and for further proceedings not inconsistent with this order and the order in *Mullins*.

CAVANAGH and WEAVER, JJ., concur in the result.

KELLY, J., concurs and states as follows:

I concur with the conclusion that our decision in *Waltz v Wyse*[1] does not bar plaintiff's claim. But, as explained in my statement in *Mazumder v Univ of Michigan Bd of Regents,*[2] given the state of the law when the Court of Appeals rendered its decision, resort to the doctrine of equitable tolling was highly appropriate.

---

[1] *Waltz v Wyse,* 469 Mich 642 (2004).

[2] *Mazumder v Univ of Michigan Bd of Regents,* ___ Mich ___ (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

_____
Clerk

l0129